IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO.  3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                                                         DEFENDANTS

## ANSWER AND DEFENSES

COMES NOW, Defendant, CALVIN HAMP, in his individual capacity and in his official capacity as Sheriff of Tunica County, Mississippi, by and through counsel of record, first affirmatively asserting all defenses under Federal Rules of Civil Procedure 12(b) (1-7), and the provisions of the Mississippi Tort Claims Act, file this, his Answer and Defenses in response to the Complaint, and would show the following, to-wit:

## GENERAL STATEMENT

The Plaintiff has sued the Sheriff of Tunica County, because Mr. Thompson considers himself above the laws that each and every citizen of Tunica County must abide.  The Plaintiff had previously violated traffic laws in another County, and then failed to appear for Court in August of 2013.  On February 13, 2014 the Plaintiff's license was suspended, and had been for some time.  During a routine stop of another driver, the Plaintiff made sure that the Tunica County officer knew that he was the County Administrator, in a blatant attempt to curry favor. During the same stop, the Plaintiff also lied to the officer about the status of his license.  The Plaintiff then drove a vehicle on a public road while his license was suspended, and was arrested.

1

The Plaintiff admitted his guilt in writing. The Plaintiff was found guilty by a neutral specially appointed judge after the regular County Justice Court Judges recused themselves. And, while the Plaintiff was able to appeal his conviction, and have it overturned, the fact of his crime remains.

This Defendant Sheriff denies that the Plaintiff's rights were violated, and absolutely denies that the arrest of Mr. Thompson was planned in an effort to entrap the plaintiff. The Plaintiff could not be entrapped when he was already disposed to violating laws before he drove on the suspended license in February 2014.

**FIRST DEFENSE**

Defendant specifically asserts and invoke all defenses available to him as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

**SECOND DEFENSE**

Defendant affirmatively asserts and invokes all substantive and procedural defenses available unto him for which a good faith legal and/or factual basis exists or may exist in his favor pursuant to MISS. CODE ANN. §§ 11-46-1 et seq., specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9(a),(b),(c),(d)(m),&(s), 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to any potential state law claims. To the extent that Plaintiff's Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against this Defendant, Defendant moves this Court to strike any such jury demand on the basis that the same are prohibited by the aforesaid statutes.

**THIRD DEFENSE**

Defendant possesses sovereign and qualified immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Defendant did not breach any duty owed to the Plaintiff, nor did he violate any right or privilege of the Plaintiff, and are, therefore, not liable in damages.

**SIXTH DEFENSE**

The matter set forth in the Complaint herein does not rise to the level of a constitutional violation and such matters are improperly before this Court.

**SEVENTH DEFENSE**

Defendant committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and the Defendant is therefore not liable in damages.

**EIGHTH DEFENSE**

As a matter of law, the Plaintiff is not entitled to any relief from this Defendant.

**NINTH DEFENSE**

Defendant hereby specifically pleads that if the allegations of the Complaint are true in any respect, which are denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain. To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

**TENTH DEFENSE**

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom/which this Defendant is neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to this Defendant.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**TWELFTH DEFENSE**

This individually named Defendant is entitled to the defense of qualified immunity.

**ANSWER**

**NOW COMES** Defendant CALVIN HAMP, in his individual capacity and in his official capacity as sheriff of Tunica County, MS, by and through counsel, having put forth his preliminary Defenses, and respond to Plaintiff's Complaint, paragraph by paragraph, as follows:

PARTIES

1.      Insufficient information exist to admit or deny the allegations within paragraph 1, as the residence of the plaintiff is unknown, out of an abundance of caution the allegations are denied.

2.      Upon information and belief, the allegations contained in Paragraph 2 are admitted.

3.      Upon information and belief, the allegations contained in Paragraph 3 do not relate to this answering defendant, and therefore are denied out of an abundance of caution.

4.      Defendant is without sufficient information to answer the allegations contained in Paragraph 4 of the complaint.  To the degree a response is required of these Defendants, any

4

allegations against them are denied.

JURISDICTON AND VENUE

5.      It is admitted that Plaintiffs have purported to bring this action pursuant to 42 USC §1983, under the fourth and fifth amendments to the United States Constitution.  To the degree that any further response is needed, the paragraph is denied and specifically denied that there is any liability on the part of the Defendants.

6.      It is denied that supplemental jurisdiction exist in the absence of a constitutional claim.

FACTS

7.      The allegations contained within paragraph 7 are denied as stated.

8.      The allegations of paragraph 8 are denied, in part and admitted in part.  It is admitted that Mr. Thompson attempted, against state law, to impose his own restrictions to a County Budget without proper authority.  All other allegations are denied..

9.      The allegations of paragraph 9 are denied, in part and admitted in part.  It is admitted that Mr. Thompson attempted, against state law, to impose his own restrictions to a County Budget without proper authority.  All other allegations are denied..

10.     The allegations of paragraph 10 are denied, in part and admitted in part.  It is admitted that Mr. Thompson attempted, against state law, to impose his own restrictions to a County Budget without proper authority.  All other allegations are denied.

11.     Insufficient information exist to admit or deny what the plaintiff knew, and therefore the paragraph is denied, however it is admitted that all employees of the County are subject to checks of their driving records, and that the Sheriff is authorized to investigate potential criminal activity.

12.     The allegations contained within paragraph 12 are denied.

13.     The allegations contained within paragraph 13 are denied.

14.     The allegations of paragraph 14 are denied in part and admitted in part.  It is admitted that Alec Wiley was observed to be operating his vehicle in an illegal manner, and was pulled over. It is admitted that Mr. Wiley confessed that he was not sure about the status of his license, and that records revealed an unusual status.  It is denied that Captain Jones told Mr. Thompson he would have to drive, but Mr. Thompson was asked about the status of his license and lied to the officer by indicating that he had a valid license.   Further, it is denied that Sheriff Hamp had any knowledge of the arrest prior to the occurrence.  All other allegations are denied.

15.     The allegations contained within paragraph 15 are denied in part and admitted in part. It is admitted that Thompson drove the vehicle on a suspended license, and that he was pulled over for this crime.  However, it is absolutely denied that Thompson was compelled to drive, as Thompson undertook driving only after lying about the status of his own license.

16.     The allegations of paragraph 16 are denied.   Mr. Thompson did bond out.

17.     The allegations of paragraph 17 are denied as stated.

18.     The allegations of paragraph 18 are denied.

19.     The allegations of paragraph 19 are denied as stated

20.     The allegations of paragraph 12 are admitted in part and denied in part.  It is admitted that the plaintiff was charged with driving on a suspended license and on appeal the Tunica Circuit Court Judge dismissed the charges.  However, the plaintiff was first found guilty by a justice court judge, who was specially appointed to provide a neutral magistrate.

CAUSES OF ACTION

21.     Defendants incorporate all previous responses, defenses, objections and denials.

22.     To the degree a response is required of these Defendants, any allegations against them are denied.

6

23.     The allegations of paragraph 23 are denied.

24.     The allegations of paragraph 24 are denied.

25.     Defendants incorporate all previous responses, defenses, objections and denials.

26.     To the degree a response is required of these Defendants, any allegations against them are denied.

27.     The allegations of paragraph 27 are denied.

28.     The allegations of paragraph 28 are denied.

29.     Defendants incorporate all previous responses, defenses, objections and denials.

30.     The allegations of paragraph 30 are denied.

31.     The allegations of paragraph 31 are denied.

32.     Defendants incorporate all previous responses, defenses, objections and denials.

33.     The allegations of paragraph 33 are denied.

34.     The allegations of paragraph 34 are denied.

35.     Defendants incorporate all previous responses, defenses, objections and denials.

36.     The allegations of paragraph 36 are denied.

37.     The allegations of paragraph 37 are denied.

38.     Defendants incorporate all previous responses, defenses, objections and denials.

39.     The allegation of paragraph 39 are denied.

40.     The allegations of paragraph 40 are denied.

41.     Defendants incorporate all previous responses, defenses, objections and denials.

42.     The allegation of paragraph 42 are denied.

43.     The allegations of paragraph 43 are denied.

In response to the relief requested in the paragraph beginning with "WHEREFORE,

PREMISES CONSIDERED,…" to include subparagraphs a, b, c, d and e, any such requested relief is denied. Additionally, any other allegations not specifically detailed in the preceding paragraphs, are denied. Defendant specifically denies that Plaintiff is entitled to judgment against him, or he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. Defendant denies Plaintiff is entitled to attorney's fees, interest and cost and will affirmatively show that Plaintiff has no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiff's Complaint, and having denied any and all liability herein, Defendant sets forth the following Special Affirmative Matters:

### FIRST AFFIRMATIVE DEFENSE

At all times, Defendant acted reasonably and in good faith reliance upon then existent law and is therefore entitled to qualified and/or absolute and/or judicial or quasi-judicial immunity for any and all state and federal law claims alleged herein.

### SECOND AFFIRMATIVE DEFENSE

This Defendant is not liable under the doctrine of *respondeat superior* pursuant to 42 U.S. C. § 1983 for alleged acts or omissions of subordinate employees or for the actions of any fellow employee.

### THIRD AFFIRMATIVE DEFENSE

This Defendant is immune from liability as to any and every alleged state law claim, if any, pursuant to exemptions set forth in MISS. CODE ANN. § 11-46-9, as amended, including

subsections (a)(b)(c)(d)(m) & (s).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive damages against this Defendant, as to any state law claims, if any, pursuant to MISS. CODE ANN. § 11-46-15, as amended.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant fulfilled any and all legal duties owed by him, if any, to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's harm(s) were caused unforeseeably by persons, forces or entities for whom/which Defendant is neither liable nor responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to trial by jury on any state law claims, if any be found to exist on the face of his Complaint, now or if amended.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any violation of his clearly established constitutional rights, nor was any action or omission on the part of this Defendant a proximate cause of any alleged constitutional violation or any form of damages.

## NINTH AFFIRMATIVE DEFENSE

This Defendant at all times complained of, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and are guilty of no tortious conduct or omission. The actions taken by this Defendant were taken in good faith and in good faith reliance upon then existing law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of Plaintiff's own actions and/or omissions, or those of other persons for whom this Defendant is neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault. Further, Defendant affirmatively asserts and invokes all defenses and rights available to him as set forth in Miss. Code Ann. § 85-5-7(1991) as well as § 11-1-65.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of every element of such claim beyond a reasonable doubt would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and under Article 3, §14 of the Constitution of the State of Mississippi.

## TWELFTH AFFIRMATIVE DEFENSE

Unless Defendant's purported liability for punitive damages and the appropriate amount of punitive damages to be assessed are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate this

Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi, and may result in a violation of Defendant's rights not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 3, §28 of the Constitution of the State of Mississippi.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that are not provided with standards of sufficient clarity and uniformity for determining the appropriateness or the appropriate size of a punitive damage award would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that are not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of an invidiously discriminatory characteristic, including Defendant's status, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that are permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague,

11

imprecise, inconsistent and arbitrary and do not define with sufficient clarity to give advance notice to a potential Defendant of the prohibited conduct or mental state that makes an award of punitive damages possible, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that are not subject to trial and appellate court review on the basis of uniform and objective standards would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, §14 of the Constitution of the State of Mississippi.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because awarding punitive damages under Mississippi law without affording Defendant's protections similar to those that are afforded to criminal Defendants, including, but not limited to, the protection against unreasonable searches and seizures, double jeopardy or impermissible multiple punishments and compelled self-incrimination, and the right to confront adverse witnesses, to compulsory process for favorable witnesses, to the effective assistance of counsel and to an unanimous verdict of a twelve-person jury on every element of an award of punitive damages, would violate Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution and under Article 3, §§14, 22, 26 and 31 of the Constitution of the State of Mississippi.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the requirements of the Mississippi Tort Reform Act

and Mississippi Civil Justice Reform Act, as codified, and accordingly, this action must be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

This Defendant complied with all applicable standards of care.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Civil Justice Reform Act and Mississippi Tort Reform Act, as codified in the Mississippi Code.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts."

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing a constitutional claim which would be inconsistent with a criminal court decision.

**WHEREFORE, PREMISES CONSIDERED**, Defendant denies that Plaintiff is entitled to any relief whatsoever, and respectfully requests that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorney's fees assessed against Plaintiff pursuant to 42 U.S.C. § 1988, together with such other relief as this Court deems proper.

THIS, the 27th day of February, 2015.

                             Respectfully submitted,

                             CALVIN HAMP, DEFENDANT

                         BY:  /s/ Michael J. Wolf_____
                               MICHAEL J. WOLF
                               KEN WALLEY

OF COUNSEL:
MICHAEL J. WOLF - MSB # 99406
KEN WALLEY - MSB 101307
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Blvd., Suite 200 [39232-2215]
Post Office Box 1163
Jackson, Mississippi  39215-1163
TELEPHONE:    601-420-0333
FACSIMILE:      601-420-0033
mwolf@pagekruger.com
amcdaniel@pagekruger.com

### <u>CERTIFICATE OF SERVICE</u>

     I, Michael J. Wolf, do hereby certify that a true copy of the foregoing has been filed

electronically. Notice of this filing was sent to all parties by operation of the Court's electronic

filing system. Parties may access this filing through the Court's CM/ECF system.

     THIS, the 27th day of February, 2015.

                               /s/ Michael J. Wolf_____
                             MICHAEL J. WOLF
                             KEN WALLEY