IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                    PLAINTIFF

V.                                          CIVIL ACTION NO.  3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                                          DEFENDANTS

**DEFENDANT SHERIFF CALVIN HAMP'S
MOTION TO DISMISS, INCLUDING IMMUNITY**

COMES NOW, Defendant, Sheriff Calvin Hamp, in the above referenced cause and files this

Motion to Dismiss, including Immunity, to wit;

1.      The Defendant, Calvin Hamp, is named in the Complaint as the Sheriff for Tunica

County, in his official and individual capacities.

2.      The Complaint, filed February 24, 2014, alleges causes of action against Hamp for

federal constitutional violations of the Fourth Amendment right to be free from for unlawful stop and

seizure, as well as state law claims of abuse of process, false arrest, false imprisonment, intentional

infliction of emotional distress, and conspiracy.

3.      Sheriff Hamp is entitled to Qualified Immunity from the constitutional claims.

4.      The Defendant is entitled to immunity from State law claims, under the Mississippi

Tort Claims Act.

5.      The named, but presently unserved, defendant Captain James Jones initiated a stop of

a vehicle driven by County Comptroller Alex Wiley, in which Thompson was a passenger. Captain

Jones ran Mr. Wiley's license and told Mr. Wiley that his license might be suspended. Mr. Thompson then drove the car from this initial stop. After Mr. Thompson began driving the car, Jones, aware that Thompson's license was suspended, again stopped the car and arrested Plaintiff for driving with a suspended license.

6.     At no point within the Complaint does the Plaintiff allege that his license was valid on the date of the event because it was, in fact, suspended.

7.     The Plaintiff seeks to "vindicate rights protected by the Fourth and Fifth Amendments to the United States Constitution," yet only describes Fourth Amendment, search and seizure, claims, which do not rise to a level of a Constitutional Violation.

8.     Sheriff Hamp is entitled to Qualified Immunity.

9.     Probable cause to arrest existed. The allegations of the Complaint make it clear that the deputy knew that Plaintiff had a suspended license, and that Thompson was driving. Therefore the deputy had reason to believe that a crime was committed in his presence by Thompson.

10.     The alleged inducement of Thompson to drive without a license is not a constitutional violation. There is no allegation that Thompson was denied the ability to decline driving, or not allowed to contact someone to come and pick him up. Simply, this was a decision by the Plaintiff to ignore the law and drive on his suspended license.

11.     The Plaintiff seems to claim that he could only have been arrested on a warrant and therefore suggests that the arrest, and being placed in jail pending bond, was somehow in violation of his Fourth Amendment Rights. Yet, the probable cause which was present would substitute for a warrant.

12.     The fact that the crime was not a serious offense, does not mean that the Plaintiff was free from physical arrest. An arrest for a misdemeanor that is punishable only by a fine does not

constitute an unreasonable seizure under the Fourth Amendment. Being arrested for driving on a suspended license does not create a constitutional violation.

13.     Significantly absent in the Complaint is the Plaintiff's guilty plea, signed when he bonded out of jail after being booked on February 13, 2014, the day of his arrest. (Exhibit A).

14.     Although the Plaintiff has not specifically pled a violation under 42 USC 1985, he has alleged that a conspiracy took place to deprive him of his constitutional right, but offers no particularity or sustentative detail to these allegations. Conclusory allegations of a conspiracy are insufficient to state a claim under § 1983, and the same must be dismissed.

15.     Should the Court consider that sufficient facts exist to form a claim of conspiracy, the Sheriff is still entitled to immunity, since there was no constitutional violation resulting from an alleged conspiracy.   In this instance there was no illegal act, but merely an effort, if things are as alleged, to catch a criminal.

16.     Other claims against Sheriff Hamp are state law claims, and must be considered under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq., provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit.

17.     As Hamp was acting pursuant to and within the scope of his employment, he is immune from individual liability.

18.     As Hamp was acting within the course and scope of his employment, he cannot be held liable in his individual capacity on the basis of the Plaintiff's state law claims, of  1) Abuse of Process, 2) False Arrest, 3) False Imprisonment, 4) Intentional Infliction of Emotional Distress, and 5) Civil Conspiracy.

19.     The alleged actions are also entitled to the immunity under 11-46-9 of the MTCA.

3

20.     § 11-46-9(1)(a) provides immunity for acts "Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature".  As the allegations suggest that action of administration of law, then this action administrative and subject to immunity.

21.     Also, § 11-46-9(1)(b) provides immunity for acts "Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid".  In exercising the authority to arrest this Defendant was exercising a statutory function, and therefore is immune.

22.     Mississippi Code § 11-46-9(1)(c) protects governmental employees acting within their police function from liability, unless they acted with a reckless disregard and the Plaintiff was not committing a crime, and the Sheriff is therefore immune.

23.     Mississippi Code § 11-46-9(d) also provides immunity "Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused".  The decision to arrest is discretionary the Defendant is entitled to immunity.

24.     Mississippi Code § 11-46-9(m) also provides immunity for acts arising out of claims of detainees, from claims arising while he was detained.

25.     To the extent that any claim is outside the Mississippi Tort Claims Act, the allegations are barred under the one year statute of limitations.

26.     Attached hereto and incorporated by reference is Exhibit "A", the cash bond.

WHEREFORE PREMISE CONSIDERED, for the foregoing reasons, the Defendant, moves this Court for an order of dismissal of all claims against him, and for such other relief as is just.

4

RESPECTFULLY SUBMITTED, this the 9th day of March, 2015.

SHERIFF HAMP, DEFENDANT

By:  /s/ Michael J. Wolf____ _____
         Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
KEN WALLEY- MSB #103179
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and

caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the

ECF system.

This the 9th day of March, 2015.

         /s/ Michael J. Wolf_____
         Michael J. Wolf