IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                                 PLAINTIFF

V.                                          CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                              DEFENDANTS

## MEMORANDUM IN SUPPORT OF DEFENDANT SHERIFF CALVIN HAMP'S MOTION TO DISMISS, INCLUDING IMMUNITY

COMES NOW, Defendant, Sheriff Calvin Hamp, in the above referenced cause and files this Memorandum in Support of the Motion to Dismiss, including Immunity, to wit;

The Defendant, Calvin Hamp, is named in the Complaint as the Sheriff for Tunica County, in his official and individual capacities.

The Complaint, filed February 24, 2014, alleges causes of action against Hamp for constitutional violations of the Fourth Amendment right to be free from for unlawful stop and seizure, as well as state law claims of abuse of process, false arrest, false imprisonment, intentional infliction of emotional distress, and conspiracy.

Sheriff Hamp is entitled to Qualified Immunity from the constitutional claims.

It is also the contention of this Defendant that he is entitled to immunity from State law claims, under the Mississippi Tort Claims Act. More, specifically, where a government employee is presumptively within the 'course and scope' of employment, and they would be entitled to the immediate urging of immunity defenses of the Mississippi Tort Claims Act (MTCA), 11-46-1 et seq.

1

Further, if the Plaintiff claims these causes against Hamp are outside of the MTCA, each are time barred under one year statutes of limitations.

## STATEMENT OF ALLEGATIONS

According to the Complaint, in January, 2014 Plaintiff Thompson implemented budget cuts across all county departments, including that of the Sheriff. It is alleged that Sheriff Hamp expressed displeasure at this on several occasions. It is alleged that during a meeting regarding a purchase order, Hamp became confrontational and threatened Thompson. It is alleged that after this, Thompson began investigating Mr. Thompson, and discovered that Thompson's license had been suspended. Id.

It is then alleged, on information and belief, that at some point in February, 2014, that Hamp and his deputies conspired to arrest Thompson. The named, but presently unserved, defendant Captain James Jones initiated a stop of a vehicle driven by County Comptroller Alex Wiley, in which Thompson was a passenger. Captain Jones ran Mr. Wiley's license and told Mr. Wiley that his license might be suspended. Mr. Thompson drove the car from this initial stop. After Mr. Thompson began driving the car, Jones again stopped the car and arrested him for driving with a suspended license.

At no point within the Complaint, does the Plaintiff allege that his license was valid on the date of the event. That is because it was, in fact, suspended.

## STANDARD

This motion involves immunity questions, and is directed in part by Local Uniform Civil Rule 16(b)(3), requiring such defense to be brought expeditiously. As a question of immunity the issues may be decided under Federal Rule of Civil Procedure 12 or 56.

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as

2

true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In this case, the First Amended Complaint fails to allege facts which reasonably support a claim of relief, as against the individually named defendant.

Alternatively, should the Court look beyond the four corners of the pleadings, and consider evidence, this motion may be considered under Miss. R. Civ. P, Rule 56. A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*

3

*Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The nonmovant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

Because Qualified Immunity constitutes an immunity from suit rather than a mere defense to liability, the defense is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery . . . as [i]nquiries of this kind can be peculiarly disruptive of effective government. Thus, adjudication of Qualified Immunity claims should occur at the earliest possible stage in litigation. Id.

To determine if an individual is entitled to Qualified Immunity, the Court applies a two-step analysis. "First, [the court] ask[s] whether, considered in the light most favorable to the plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights." *Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 238 (5th Cir. 2008) (per curiam) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)). "If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . .

he is entitled to qualified immunity." ***Blackwell v. Laque***, 275 F. App'x 363, 366 (5th Cir. 2008) (per curiam). The second prong requires the Court to consider whether the Defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. To make this determination, the Court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the Defendant and the law that was clearly established at the time of the Defendant's actions. ***Freeman v. Gore***, 483 F.3d 404, 411 (5th Cir. 2007) (citation omitted).

## SHERIFF HAMP IS ENTITLED TO QUALIFIED IMMUNITY

The Plaintiff, at paragraph 5 of the Complaint, seeks to "vindicate rights protected by the Fourth and Fifth Amendments to the United States Constitution." The body of the Complaint only describes Fourth Amendment, search and seizure, claims. Yet, the allegations do not rise to a level of a constitutional violation, and the Sheriff is entitled to Qualified Immunity, as the contours of those rights were not so sufficiently clear as to hold the individual Sheriff liable.

Qualified Immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known ***Jacquez v. Procunier*** 801 F.2d 789, 791 (5th Cir., 1986). 801 F.2d 789, 791 (5th Cir. 1986) (quoting ***Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). On the premised claims, there is in fact no constitutional violation.

    **a.**    **There is No Fourth Amendment Violation In Stopping the Plaintiff and the Sheriff Is Entitled to Immunity on This Claim.**

If the allegations of the Complaint are taken as true, for this motion only, Sheriff Hamp learned that Thompson had a suspended license and then "conspired" to arrest him for it. The Complaint does not allege that the Sheriff was present when officers pulled over the Plaintiff, but

5

that Captain Jones pulled over Mr. Wiley, and arrested Thompson at a second stop. The Complaint does not assert that the stop of Wiley was without probable cause, or that Wiley is a party to this cause of action. There is no allegation that the stop of Wiley's car violated a right held by the Plaintiff.

The Complaint alleges that the stop of Mr. Thompson, after he was allegedly ordered to drive, lacked probable cause. Turning to this second stop, where Mr. Thompson was driving, if the allegations of the Complaint are taken as true, then the officer knew that the Plaintiff had a suspended license, and knew that a crime was being committed. Probable cause to arrest existed. "As applied to the qualified immunity inquiry, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime." ***Good v. Curtis***, 601 F.3d 393, 401 (5th Cir. 2010) (citing ***O'Dwyer v. Nelson***, 310 F. App'x 741, 745 (5th Cir. 2009); ***Devenpeck v. Alford***, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004)). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." ***C.H. v. Rankin County Sch. Dist.***, 2011 WL 788908, 415 Fed. Appx. 541, 2011 U.S. App. LEXIS 4494 (5th Cir. Mar. 4, 2011) (quoting ***United States v. McCowan***, 469 F.3d 386, 390 (5th Cir. 2006)). The allegations of the Complaint make it clear that the deputy knew that plaintiff had a suspended license, and that Thompson drove.

The Plaintiff claims that he was violated no traffic laws before he was pulled over. However, the Complaint admits, at paragraph 11, that "… Mr. Thompson's license was suspended because of an unpaid ticket in Montgomery County, MS." The fact is undisputable, that on the date of the arrest, Mr. Thompson drove on a suspended license. It is also alleged that the Deputy was aware of this, and therefore had reason to believe that a crime was committed in his presence by

Thompson.

The Plaintiff may argue that Captain Jones' alleged inducement of Thompson to drive without a license is the source of his claim, but this is not a constitutional violation. While entrapment may be a proper defense in a criminal action, an officer's participation in such activity does not, per se, constitute a constitutional violation. See *Stokes v. Gann*, 498 F.3d 483, 485 (5th Cir. 2007) (to the extent defendants actions constituted entrapment under state law, they do not by themselves constitute a violation of a constitutional right) citing *United States v. Russell*, 411 U.S. 423, 430, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973) (rejecting a criminal defendant's contention that his conviction violated the Constitution because law enforcement officials entrapped him, stating that government's conduct violated no independent constitutional right of the defendant); *Smith v. Lang*, 114 F.3d 1192 (7th Cir.1997) (even if a plaintiff prevailed on an entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); *Stobaugh v. Wood*, 107 F.3d 17 (9th Cir. 1997) (entrapment cannot serve as the basis of a federal habeas claim); *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir.1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim); *Giovanetti v. Tomasi*, 25 F.3d 1048 (6th Cir.1994); *Stevenson v. Bales*, 986 F.2d 1429 (10th Cir.1993) (no § 1983 claim because entrapment is not a constitutional violation); *Jones v. Bombeck*, 375 F.2d 737 (3rd Cir.1967) (no cause of action under Civil Rights Act, which requires a constitutional violation, for entrapment).

The Fifth Circuit Court of Appeals has established that entrapment is not a constitutional violation in either a civil or criminal context. *Stokes v. Gann*, 498 F.3d 483, 484, 2007 U.S. App. LEXIS 20735, 2-6 (5th Cir. Miss. 2007). In *Stokes*, a hunter charged with head lighting deer alleged that he had been pressured and assisted in doing do so by an employee of the Mississippi Department of Wildlife, Fisheries, and Parks. *Id.* at 484. The Court noted the Supreme Court's decision in

*United State v. Russell*, in which entrapment by government officials violated no independent constitutional right of the defendant. 411 U.S. 423, 440 (1973). The Court of Appeals for the Fifth Circuit agreed that *Russell's* edict applied in the civil context as well.

If the allegations of the Complaint are taken as true, then Captain Jones informed Mr. Wiley that there was an issue with his license, that it might be suspended. Jones allegedly told Mr. Thompson that he would have to drive the car. After Mr. Thompson began driving the car, Jones pulled him over and arrested him for driving with a suspended license. There is no allegation that Thompson was denied the ability to not drive, or not allowed to contact someone to come and pick him up. This was simply a decision by the Plaintiff to ignore the law and drive on his suspended license.

### b. There Is No Constitutional Violation in the Arrest.

The other constitutional allegation of the complaint- that Mr. Thompson was held on a non-existent warrant, occurred after he was booked for driving without a license. Plaintiff's Complaint at 5. The Plaintiff seems to claim that he could only have be arrested on a warrant and therefore suggests that the arrest, and being placed in jail pending bond, was somehow in violation of his Fourth Amendment Rights. Yet, as the Plaintiff agrees at paragraph 26, probable cause would substitute for a warrant, as described above such probable cause existed.

The fact that the crime was not a serious offense does not mean that the Plaintiff was free from physical arrest. Consider *Atwater v. Lago Vista*, 532 U.S. 318 (2001), wherein the United States Supreme Court held that a person's Fourth Amendment rights are not violated when the subject is arrested for driving without a seatbelt. The Court ruled that such an arrest for a misdemeanor that is punishable only by a fine does not constitute an unreasonable seizure under the Fourth Amendment. Id. Being arrested for driving on a suspended license does not raise a

8

constitutional violation.

Significantly absent in the Complaint is the Plaintiff's guilty plea, signed when he bonded out of jail after being booked on February 13, 2014, the day of his arrest. (Exhibit A). The arrest is not unusual in any manner other than in that it was the Plaintiff.

### c.     The Plaintiffs Claim of Conspiracy Can Not Survive

Although the Plaintiff has not specifically pled a violation under 42 USC 1985, he has alleged that a conspiracy took place to deprive him of his constitutional right, and alleges that a meeting took place in which the Defendants hatched a conspiracy, but offers no particularity or substantive detail to these allegations. Conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. ***Wilson v. Budney***, 976 F.2d 957, 958 (5th Cir. 1992). The Plaintiff's burden is not satisfied with "some metaphysical doubt" by "conclusory allegations" or a "scintilla of evidence" ***Little v. Liquid Air Corp***. , 37 F. 3d 1069, 1975 (5th Cir. 1994) (citations omitted).

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." ***Lynch v. Cannatella***, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (citation omitted). The 5th Circuit Court of Appeals has consistently required the claimants to state specific facts, and not merely conclusory allegations. ***Morris v. City of Baton Rouge***, 761 F.2d 242, 244 (5th Cir. 1985) quoting ***Ellio v. Perez***, 751 F. 2d 1472 1479 (5th Cir. 1985). The Plaintiff has failed to plead such facts.

The Plaintiff's allegations amount to nothing more than a conclusory allegation of a conspiracy to catch someone in a criminal act. The Complaint alleges that Sheriff Hamp discovered that Thompson's license was suspended, and that he then decided to arrest him. The Complaint then alleges that Sheriff Hamp held a meeting with several deputies, where he planned to arrest Thompson. The facts alleged in the Complaint offer no particularity or specific facts to indicate a

conspiracy. The allegation of a meeting between Sheriff Hamp and several deputies is merely conclusory. It does not state when or where this meeting happened. It does not state who was present at this meeting with Sheriff Hamp. It does not state any basis for the Plaintiff's "information and belief." These are nothing more than conclusory allegations with no basis in anything other than the suspicion of the Plaintiff.

Should the Court consider that sufficient facts exist to form a claim of conspiracy, the Sheriff is still entitled to Qualified Immunity, since, as described above, there was no constitutional violation resulting from an alleged conspiracy. Clearly law enforcement officers may allow criminals perform some acts toward a crime (such as a controlled drug buy, or a sale of stolen goods) or solicitation, and no one would suggest that inviting a criminal to take steps in furtherance of a minor crime crosses a constitutional line. To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. See *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). In this instance there was no illegal act, but merely an effort, if things are as alleged, to catch a criminal. There can be no conspiracy claim.

## SHERIFF HAMP IS ENTITLED TO IMMUNITY FROM STATE LAW CLAIMS UNDER THE MISSISSIPPI TORT CLAIM ACT

The other claims against Sheriff Hamp are state law claims, and must be considered under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq., which provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. *Lang v. Bay St. Louis/ Waveland Sch. Dist.*, 764 So.2d 1234, 1236 (Miss. 1999). As Hamp was acting pursuant to and within the scope of his employment, he is immune from individual liability. And, as the Complaint describes, Hamp was the Sheriff of Tunica County, a title placing him within the scope of his employment on questions of arrest and seizure.

The "exclusive remedy" portions of the MTCA provide in pertinent part a follows:

> (1) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee . . . for the act or omission which gave rise to the claim or suit; ....

Miss. Code Ann. § 11-46-7(1).

The MTCA is the sole authority - statutory or otherwise - governing the rights and liabilities of the parties as to the plaintiffs' state law claims. According to § 11-46-5 of the MTCA:

> (2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.
>
> (3) For the purposes of this chapter and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.

Miss. Code Ann. § 11-46-5. (see also 11-46-7).

Under Mississippi law, one who is performing his job duties as a governmental employee is not subject to personal liability. ***Roderick v. City of Gulfport***, 144 F. Supp.2d 622 (S.D. Miss. 2000); ***Conrod v. Holder***, 825 So.2d 16 (Miss. 2002).

As Hamp was acting within the course and scope of his employment, he cannot be held liable in his individual capacity on the basis of the Plaintiff's state law claims, of 1) Abuse of Process, 2) False Arrest, 3) False Imprisonment, 4) Intentional Infliction of Emotional Distress, and 5) Civil Conspiracy.

Quite simply, the Defendant cannot be held individually liable for these acts presumptively occurring the course and scope of employment.

11

The alleged actions are also entitled to the immunity under 11-46-9 of the MTCA. More specifically, Mississippi Code Section 11-46-9(1), provides that a "governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable…" for any claims as more fully stated thereunder. If any one of the listed immunity provisions applies, then there can be no liability.

§ 11-46-9(1)(a) provides immunity for acts " Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature". As the allegations suggest that action of administration of law, then this action administrative and subject to immunity.

Also, § 11-46-9(1)(b) provides immunity for acts "Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid". In exercising the authority to arrest this defendant was exercising a statutory function, and therefore is immune.

Mississippi Code 11-46-9(1)(c) protects governmental employees acting within their police function from liability, unless they acted with a reckless disregard and the plaintiff was not committing a crime, and the Sheriff is therefore immune.

Mississippi Code Section 11-46-9(d) also provides immunity "Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused". The decision to arrest is discretionary the defendant is entitled to immunity.

Mississippi Code Section 11-46-9(m) also provides immunity for acts arising out of claims of detainees, from claims arising in the scope of the detention.

For any other state law claim, and which falls outside of the Tort Claims Act, are prohibited

12

from litigation under the one year statute of limitations under miss. Code § 15-1-35.

## CONCLUSION

For the foregoing reasons, the Defendant, moves this court for an order of dismissal of all claims against him, and for such other relief as is just.

RESPECTFULLY SUBMITTED, this the 9th day of March , 2015.

            SHERIFF HAMP, DEFENDANT

            By: /s/ Michael J. Wolf
              Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
KEN WALLEY- MSB #103179
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the ECF system.

This the 9th day of March, 2015.

            /s/ Michael J. Wolf
            Michael J. Wolf