IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL THOMPSON**                                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.3:14-CV-274-NBB-JAA**

**CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and
UNKNOWN DEFENDANTS "A", "B", and
"C."**                                              **DEFENDANTS**

### FIRST AMENDED COMPLAINT

Michael Thompson hereby amends his complaint pursuant to Fed. R. Civ. P. 15(a)1)(B), which states that a party may amend a pleading once as a matter of course twenty one days after service of a motion under 12(b) and would plead as follows:

### JURY TRIAL DEMANDED

### I. Parties

1. Plaintiff, Michael Thompson, is a resident citizen of Rankin County, MS, residing at 227 Turtle Lane, Brandon, MS 39047. He is the county administrator for Tunica County, MS.

2. Defendant, Calvin Hamp, is the sheriff of Tunica County, MS. Based on information and belief, Sheriff Hamp is a resident of Tunica County, MS and can be served with process at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

3. Defendant, James Jones, is a former captain with the Tunica County sheriff's office. Based on information and belief, Mr. Jones is a resident in the Oxford Division of the Northern District and can be served with process whenever he can be found in the Northern District.

4. Unknown Defendants "A", "B", and "C" are deputies or employees with the Tunica County sheriff's office or were deputies during the unlawful arrest and imprisonment of Michael Thompson, all of whose true and correct names and whereabouts are unknown to the Plaintiff at this time but will be substituted by Amendment when ascertained.

## II. Basis for Jurisdiction and Venue

5. This action seeks to vindicate rights protected by the Fourth and Fifth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. §1983. The Court has jurisdiction over this constitutional rights action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (4).

6. The Court has supplemental jurisdiction over the Plaintiff's claims based on state law pursuant to 28 U.S. Code § 1367.

## III. Facts

7. In or around December 2, 2013, Michael Thompson was appointed County Administrator for Tunica County, MS. When Mr. Thompson was appointed administrator, the county had a budget shortfall from declining revenue. As a result,

in January of 2014, Mr. Thompson implemented a spending freeze and required his office to approve all county purchases to help address the shortfall.

8. A couple days after Mr. Thompson implemented the spending freeze, the sheriff for Tunica County, Calvin Hamp, confronted Mr. Thompson about the authority Mr. Thompson had over the sheriff's budget.

9. On January 30, 2014, Mr. Thompson had to take further steps to stabilize the financial situation in Tunica County. He put in place a ten percent budget cut across all departments, including the sheriff's. Sheriff Hamp, again, expressed strong displeasure with Mr. Thompson's decision to cut the budget in his department.

10. On or around February 10, 2014, Sheriff Hamp came to Mr. Thompson's office for a purchase order. During the request for the purchase order, Sheriff Hamp became very confrontational and aggressive towards Mr. Thompson. Sheriff Hamp even made several threatening comments to Mr. Thompson. In response, Mr. Thompson told the Sheriff to leave his office.

11. Later, Mr. Thompson learned that the Tunica County sheriff's office had started an investigation into his business dealings with the recently appointed comptroller, Alex Wiley. During this investigation, Sheriff Hamp learned that Mr. Thompson's license was suspended because of an unpaid ticket in Montgomery County, MS.

12. When Sheriff Hamp discovered this, he decided to conspire to arrest Mr. Thompson for driving with a suspended license as a means to embarrass him and to intimidate Mr. Thompson.

13. Based on information and belief, Sheriff Hamp had a meeting with Captain James Jones where he informed them that he was going to "get" Mr. Thompson by arresting him and then informing the media about the arrest with the intent to have Mr. Thompson removed as county administrator.

14. On Feb. 12, 2014, Captain Jones and Sheriff Hamp found their chance to act on the conspiracy. At noon, Captain Jones stationed himself across the street from the County Administrator's office waiting for Mr. Thompson to drive a vehicle when he left the office. Late that afternoon, Captain Jones observed Mr. Thompson ride as a passenger of a vehicle driven by Mr. Wiley. Captain Jones decided to follow Mr. Wiley in an unmarked vehicle. Then, Captain James Jones pulled Mr. Wiley over for allegedly improper driving. Mr. Wiley was not driving improperly. Captain Jones did not give Mr. Wiley a traffic citation; though, instead he told Mr. Wiley that there was an issue with his driver's license. He claimed that when he called to check on the license he was told that it might be suspended, which was simply a ruse to force Mr. Thompson to drive the vehicle. (Later, Captain Jones admitted that Mr. Wiley's license was not, in fact, suspended). Therefore, Captain Jones told Mr. Thompson

that he would have to drive the car. At the time Captain Jones told Mr. Thompson he would have to drive, he knew that Mr. Thompson's license was suspended.

15. Based on Captain Jones's demand that he drive the vehicle, Mr. Thompson did so. Moments after he drove the vehicle, however, Captain Jones pulled the car over again. Mr. Thompson did not violate any traffic laws before he was pulled over. After he was pulled over, Captain Jones arrested Mr. Thompson for driving with a suspended license. Captain Jones, and other deputies/employees with the Tunica County Sheriff's office, participated in the arrest.

16. After Mr. Thompson was booked, the deputies told him that he could not receive a bail because he had an outstanding arrest warrant in Montgomery County. Later Mr. Thompson found out that Montgomery County never had an active arrest warrant for him.

17. Even worse, the Tunica County Sheriff's office realized a press release to the public announcing that Mr. Thompson, the county administrator, had been arrested for driving with a suspended license. Based on information and belief, it is not a common practice for the Sheriff's office to issue press releases for traffic citations.

18. This arrest and imprisonment caused Mr. Thompson great physical pain and emotional distress. For instance, Mr. Thompson had to be taken to the hospital the night of his arrest to be treated for high blood pressure.

19. On August 5, 2014, Mr. Thompson sent a notice of claim letter to the Tunica County circuit clerk, Rechelle R. Siggers pursuant to Miss. Code Ann. § 11-46-1.

20. Tunica County charged Mr. Thompson for driving with a suspended license. Mr. Thompson was found not guilty of this charge on November 10, 2014.

### IV. Causes of Action – Violation of Mr. Thompson's Fourth Amendment Right to be free from unlawful stop and seizure

21. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

22. Plaintiff was specially protected from the unreasonable searches and seizures without probable cause under the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983.

23. Defendant Jones's stop and seizure of Mr. Thompson without a warrant and without probable cause that he had committed a crime was in violation of this right.

24. Plaintiff has suffered and continues to suffer damages because of the Defendants violation of his Fourth Amendment rights.

### V. Causes of Action – Violation of Fourth Amendment Right to be free from unlawful arrest

25. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

26. Plaintiff was specially protected from arrest and detainment by law enforcement without an arrest warrant or probable cause that he had committed a crime pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983.

27. The Defendants' arrest and detainment of Mr. Thompson without a warrant and without probable cause that he had committed a crime was in violation of this right.

28. Plaintiff has suffered and continues to suffer damages because of the Defendants' violation of his Fourth Amendment rights.

### VI. First Amendment and Fourth Amendment Retaliation

29. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

30. Plaintiff's budget decisions as county administrator and the conversations he had with Sheriff Hamp about those decisions was a motivating factor behind the Defendants' conspiracy to arrest Mr. Thompson and violate his constitutional rights.

31. This arrest and detainment, therefore, constitutes an unconstitutional retaliation against him because of his decision to exercise his rights under the First and Fourth Amendments.

32. Plaintiff has suffered and continues to suffer damages because of the Defendants' retaliation against his use of his constitutional rights.

### VII. Cause of Action – Conspiracy to violate Mr. Thompson's constitutional rights

33. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

34. The Plaintiff's complaint establishes the elements to show the Defendants conspired to illegally and unconstitutionally arrest and detain him in violation of 42 USC 1985.

35. Plaintiff has suffered and continues to suffer damages because of the Defendants' conspiracy to illegally and unconstitutionally arrest and detain him.

### Causes of Action – Abuse of Process

36. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

37. The Plaintiff's arrest was an abuse of the legal process because it was intentionally done for an improper or illegal purpose, specifically to embarrass Mr. Thompson and punish him for the decisions he had made as county administrator.

38. Plaintiff has suffered and continues to suffer damages because of the Defendants' abuse of the legal process.

### VII. Causes of Action – False Arrest

39. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

40. The Defendants intentionally caused the Plaintiff to be unlawfully arrested for the purpose to embarrass Mr. Thompson and punish him for the decisions he made as county administrator.

41. Plaintiff has suffered and continues to suffer damages as a result of his false arrest.

### VIII. Causes of Action – False Imprisonment

42. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

43. The Defendants intentionally caused the Plaintiff to be unlawfully detained and imprisoned to embarrass Mr. Thompson and punish him for the decisions he made as county administrator.

44. Plaintiff has suffered and continues to suffer damages as a result of his false imprisonment.

**IX. Causes of Action – Intentionally Infliction of Emotional Distress**

45. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.

46. The Defendants' arrest, detainment and imprisonment of the Plaintiff were done with the purpose to embarrass him and to punish him for the decisions he made as county administrator. This is extreme and outrageous conduct by an elected official and it was done intentionally to cause Mr. Thompson emotional distress and to intimidate him in regards to the decisions he makes as county administrator.

47. This intentional infliction of emotional distress caused the Plaintiff to suffer damages and the Plaintiff continues to suffer damages as a result of the Defendants' intentional infliction of emotional distress.

**X. Causes of Action – Conspiracy to commit said unlawful acts**

48. Plaintiff reiterates and reaffirms all allegations set forth heretofore in this Complaint.
49. The Defendants had a meeting of the minds where they created the scheme to unlawfully detain, arrest, seize, and imprison Mr. Thompson for the purpose of embarrassing him and to intimidate him in regards to the decisions he made as county administrator. The Defendants then took overt acts in furtherance of their scheme when they unlawfully detained, arrested, seized and imprisonment Mr. Thompson.

50. As a direct, proximate and foreseeable result of the Defendants' conspiracy, the Plaintiff has been damaged and continues to suffer damages.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff brings this action and requests the following:

a. That the Court enters a declaratory judgment that the Plaintiff's rights under the Fourth Amendment and Mississippi law were violated;

b. That the Court enters a injunction against the Defendants prohibiting them from violating the Plaintiff's constitutional and legal rights;

c. That the Court award actual, compensatory , and punitive damages in an amount to be determined by a jury;

d. That the Court award plaintiff his attorney fees and Court costs;

e. If Plaintiff has not requested the correct relief, then Plaintiff requests such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 12th day of March, 2015

MICHAEL THOMPSON, PLAINTIFF

BY: /s/ Scott W. Colom

_____

Scott W. Colom

WILBUR O. COLOM (MSB# 6403)
SCOTT W. COLOM (MSB#103168)
THE COLOM LAW FIRM, LLC
200 6th STREET NORTH (SUITE 700)
P.O. BOX 866
COLUMBUS, MS  39703-0866
TELEPHONE: (601) 327-0903
FACSIMILE: (601) 329-4832
wil@colom.com
scott@colom.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on the following via ECF:

MICHAEL J. WOLF – MSB # 99406
KEN WALLEY- MSB #103179
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

This the 12th day of March, 2015.

                _____/s/ Scott W. Colom
                Scott W. Colom (MSB#103168)