IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                    PLAINTIFF

V.                                          CIVIL ACTION NO.  3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity;
JAMES JONES, in his individual capacity;
and UNKNOWN DEFENDANTS
 "A", "B" AND "C"                                                   DEFENDANTS

## DEFENDANT JAMES JONES'
## MOTION TO DISMISS, INCLUDING IMMUNITY

COMES NOW, Defendant, James Jones, in the above referenced cause and files this Motion to Dismiss, including Immunity, to wit;

1.      The Defendant, James Jones, is named in the Second Amended Complaint in his individual capacity only. At all times relevant to the Second Amended Complaint, James Jones was an employee of the Tunica County Sheriff's Department.

2.      The Second Amended Complaint, filed March 20th, 2015, alleges causes of action against Hamp for federal constitutional violations of the Fourth Amendment right to be free from for unlawful stop and seizure, First Amendment claims, as well as state law claims of abuse of process, false arrest, false imprisonment, intentional infliction of emotional distress, and conspiracy.

3.      James Jones is entitled to Qualified Immunity from the constitutional claims.

4.      The Defendant is entitled to immunity from State law claims, under the Mississippi Tort Claims Act.

5.      Captain James Jones, initiated a stop of a vehicle driven by County Comptroller Alex Wiley, in which Thompson was a passenger. Captain Jones ran Mr. Wiley's license and told Mr.

1

Wiley that his license might be suspended. Mr. Thompson then drove the car from this initial stop. After Mr. Thompson began driving the car, Jones, aware that Thompson's license was suspended, again stopped the car and arrested Plaintiff for driving with a suspended license.

6.      At no point within the Second Amended Complaint does the Plaintiff allege that his license was valid on the date of the event because it was, in fact, suspended.

7.      The Plaintiff seeks to "vindicate rights protected by the Fourth and Fifth Amendments to the United States Constitution," yet only describes Fourth Amendment, search and seizure, claims, which do not rise to a level of a Constitutional Violation.

8.      James Jones is entitled to Qualified Immunity from the Fourth Amendment claims.

9.      Probable cause to arrest existed. The allegations of the Second Amended Complaint make it clear that the deputy knew that Plaintiff had a suspended license, and that Thompson was driving. Therefore the deputy had reason to believe that a crime was committed in his presence by Thompson.

10.      The alleged inducement of Thompson to drive without a license is not a constitutional violation. There is no allegation that Thompson was denied the ability to decline driving, or not allowed to contact someone to come and pick him up. Simply, the Plaintiff chose to ignore the law and drive on his suspended license.

11.      The Plaintiff seems to claim that he could only have been arrested on a warrant and therefore suggests that the arrest, and being placed in jail pending bond, was somehow in violation of his Fourth Amendment Rights. Yet, the probable cause which was present would substitute for a warrant.

12.      The fact that the crime was not a serious offense, does not mean that the Plaintiff was free from physical arrest. An arrest for a misdemeanor that is punishable only by a fine does not

2

constitute an unreasonable seizure under the Fourth Amendment. Being arrested for driving on a suspended license does not create a constitutional violation.

13. Significantly absent in the Second Amended Complaint is the Plaintiff's guilty plea, signed when he bonded out of jail after being booked on February 13, 2014, the day of his arrest. (Exhibit A).

14. The Plaintiff also alleges that his First Amendment rights were violated because the alleged motivation behind the stop of his vehicle was retaliation for his speech against the Department and Sheriff Hamp. However, there can be no constitutional violation where the stop and arrest occurred with probable cause, regardless of the motivation.

15. The Plaintiff has alleged a conspiracy under 42 USC 1985 took place to deprive him of his constitutional right, but offers no particular detail to these allegations. Conclusory allegations of a conspiracy are insufficient to state a claim under § 1983, and the same must be dismissed.

16. Should the Court consider that sufficient facts exist to form a claim of conspiracy, James Jones is still entitled to qualified immunity, since there was no constitutional violation resulting from an alleged conspiracy. In this instance there was no illegal act, but merely an effort, if things are as alleged, to catch a criminal.

17. Other claims against James Jones are state law claims, and must be considered under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq., which provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit.

18. As Jones was acting pursuant to and within the scope of his employment, he is immune from individual liability.

19. As Jones was acting within the course and scope of his employment, he cannot be

held liable in his individual capacity on the basis of the Plaintiff's state law claims, of 1) Abuse of Process, 2) False Arrest, 3) False Imprisonment, 4) Intentional Infliction of Emotional Distress, and 5) Civil Conspiracy.

20.     The alleged actions are also entitled to the immunity under 11-46-9 of the MTCA.

21.     § 11-46-9(1)(a) provides immunity for acts "Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature". As the allegations suggest that action of administration of law, then this action administrative and subject to immunity.

22.     Also, § 11-46-9(1)(b) provides immunity for acts "Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid". In exercising the authority to arrest this Defendant was exercising a statutory function, and therefore is immune.

23.     Mississippi Code § 11-46-9(1)(c) protects governmental employees acting within their police function from liability, unless they acted with a reckless disregard and the Plaintiff was not committing a crime, and the Sheriff is therefore immune.

24.     Mississippi Code § 11-46-9(d) also provides immunity "Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused". The decision to arrest is discretionary the Defendant is entitled to immunity.

25.     Mississippi Code § 11-46-9(m) also provides immunity for acts arising out of claims of detainees, from claims arising while he was detained.

26.     To the extent that any claim is outside the Mississippi Tort Claims Act, the

4

allegations are barred under the one year statute of limitations.

27.     Attached hereto and incorporated by reference is Exhibit "A", the cash bond.

WHEREFORE PREMISE CONSIDERED, for the foregoing reasons, the Defendant, moves this Court for an order of dismissal of all claims against him, and for such other relief as is just.

RESPECTFULLY SUBMITTED, this the 31[th] day of March, 2015.

JAMES JONES, DEFENDANT

By:  /s/ Michael J. Wolf            _____
                 Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
KEN WALLEY- MSB #103179
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the ECF system.

This the 31[th] day of March, 2015.

 /s/ Michael J. Wolf_____
Michael J. Wolf