IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity;
JAMES JONES, in his individual capacity;
and UNKNOWN DEFENDANTS
"A", "B" AND "C"                                                                DEFENDANTS

## DEFENDANT JAMES JONES' and DEFENDANT CALVIN HAMP'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants, and each of them, in the above referenced cause and files this Motion for Summary Judgment, to wit;

1. The Defendant, Calvin Hamp, is named in the Second Amended Complaint in his individual capacity only. At the time of the allegations of the Second Amended Complaint, Hamp was, and still is, the Sheriff of Tunica County.

2. The Defendant, James Jones, is named in the Second Amended Complaint in his individual capacity only. At the time of the allegations of the Second Amended Complaint, Jones was a Captain in the Tunica County Sheriff's Department.

3. Tunica County is not a party to this suit.

4. The Second Amended Complaint, filed March 20th, 2015, alleges causes of action against the defendant for constitutional violations under the Fourth and Fifth Amendments of the United States Constitution, as well as supplemental state law claims. The plaintiff has also alleged well as a first amendment retaliation claims, and conspiracy under 42 USC 1985. Although not pled, the plaintiff has claimed a substantive due process claims.

1

5. Michael Thompson was hired as the County Administrator of Tunica County, with an effective start date of January 2014.

6. After he was hired, Michael Thompson recommended that Alex Wiley be hired as the Comptroller for Tunica County.

7. Shortly after Wiley was hired, citizens reported to Sheriff Hamp that Michael Thompson "gave a contract to his brother", and following up on these allegations the Sheriff discovered on the internet that Thompson and Wiley did in fact have a business together.

8. The Sheriff brought no charges as a result the allegations or investigation, but referred the matter to the Mississippi Ethics Commission and the Attorney General.

9. Additionally, the County has a fleet management safety policy, which requires that all employees who drive public vehicles must have driver's licenses checked at on a regular basis. After Mr. Thompson's license was run, the Sheriff was informed that Michael Thompson had a suspended license, and personally called another county where the license had been suspended to confirm that a warrant may have been issued.

10. It is also undisputed that Michael Thompson's license was suspended on the date 6 his arrest, which is the subject of this lawsuit.

11. Captain Jones, now retired, was in charge of special investigations, and was made aware of Thompson's suspended license, along with the existence of a warrant on another employee, Alvin Harris, who was wanted in Desoto County.

12. James Jones, had extensive experience in law enforcement with over 23 years in the profession.

2

13. There is no evidence of any meeting in which Hamp and Jones conspired to arrest the plaintiff. In fact, when the plaintiff was asked if he contends that Sheriff Hamp and Deputy Jones had some conversations in which they hatched a plan to arrest him, his response was "I don't know".

14. On February 12, 2014, James Jones was traveling north on Highway 61 when saw a vehicle going in and out of lanes of traffic, stating "I didn't know what was going on, if he was drunk or what was going on with it. So I pulled the vehicle over to see, make sure it was okay. And that's the nature of me pulling the vehicle over."

15. The vehicle was driven by County Comptroller Alex Wiley, while Thompson was a passenger. Captain Jones, ran Mr. Wiley's license and discovered that his license status was "Eligible for Reinstate", suggesting that it might be suspended. Captain Jones had never heard of this status, so he was uncomfortable arresting the driver, Alex Wiley. Further, Jones had already determined that the driver was not intoxicated, based on his interaction. It was determined, after the fact, that the status of Wiley was in fact a suspension, but eligible for reinstatement.

16. Concerned that Wiley should not drive with what may be a suspended license, Jones, asked the passenger Michael Thompson, "Are your license valid, sir?". Thompson was heard by Jones to respond "Yes". Jones believed that this response was a lie.

17. Jones allowed Thompson to take control of Wiley's vehicle. After he left from this initial scene, Jones reasonably describes his suspicion for the subsequent stop. "Mr. Thompson was being deceitful. He was lying to me about his particular license." "If I see an individual with suspended license and me knowing that that license is suspended, the probable cause is their suspended license."

18. The vehicle was again stopped. Mr. Thompson's suspension was confirmed. And, according to standing policy, all drivers found to be driving on a suspended license were arrested, Mr. Thompson was no exception.

19. The arrest, including both stops were captured, in part, on video tape. The conduct of all involved was professional.

20. There is absolutely no evidence that Sheriff Hamp was made aware of the arrest until after it occurred. Nor is there any evidence that Sheriff Hamp participated in any prior decision to make the arrest of Thompson on the night of February 12, 2016.

21. Though not sued in his official capacity, when asked why he was suing the Sheriff, the plaintiff responded that "Sheriff Hamp is the elected official for Tunica County" When asked what the Sheriff did on the day of his arrest, the Plaintiff has no recollection.

22. Thompson was first convicted at the Justice Court, and then on a trial de novo at the Circuit Court he was found not guilty.

23. There is no evidence that Thompson was engaged in any protected free speech.

24. These individually named defendants are entitled to qualified immunity must be considered.

25. The plaintiff has failed to allege or provide proof of facts that, if proven, would establish that the official violated the plaintiff's constitutional rights.

26. The Defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.

27. The Plaintiff, in his response to the previously filed Qualified Immunity Motion, abandoned his Fourth Amendment seizure and arrest claims as pled in the Second

Amended Complaint, and argued only that Defendants have violated a 'Substantive Due Process' claim, derived from the Fourth Amendment, that a first amendment claim existed, and that a conspiracy existed.

28. There is no clearly established "Due Process" right violated in this instance.

29. The Plaintiff has alleged a First Amendment claim for retaliation. However the Plaintiff has failed to support this claim with a clearly established right, or evidence of protected speech.

30. Although previously abandoned, should plaintiff continue to claim a violation of his right to be free from unlawful stop and seizure, and the right to be free from unlawful arrest have been abandoned in prior pleadings, but in the event the court allows further consideration, these must fail as well, as the plaintiff has offered no clearly established evidence of such a violation.

31. The Plaintiff alleges a conspiracy by the Defendants under 42 USC 1985 to deprive him of his constitutional rights, and that a meeting took place in which the Defendants hatched a conspiracy, but offers no particularity or substantive detail to these allegations. The Plaintiff has failed to plead such facts, and has offered no proof of such facts.

32. The remaining claims against Defendants are state law claims, and must be considered under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq., which provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit. As these Defendants were acting pursuant to and within the scope of their employment, they are immune from individual liability.

5

33. The alleged actions are also entitled to the immunity under 11-46-9 of the MTCA. More specifically, Mississippi Code Section 11-46-9(1), provides that a "governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable..." for any claims as more fully stated thereunder. If any one of the listed immunity provisions applies, then there can be no liability.

34. The state law claims must be dismissed.

35. For any other state law claim, and which falls outside of the Tort Claims Act, are prohibited from litigation under the one year statute of limitations under miss. Code § 15-1-35.

36. Attached hereto and incorporated by reference herein are the following exhibits:

    a. EXHIBIT "A" – Deposition of Michael Thompson

    b. EXHIBIT "B" – Deposition of Sheriff Hamp

    c. EXHIBIT "C" – Deposition of James Jones

    d. EXHIBIT "D" – Tunica County Arrest Policy

    e. EXHIBIT "E" – Video of Stop

**WHEREFORE PREMISES CONSIDERED** For the foregoing reasons, the Defendant, moves this Court to grant summary judgment from all claims, and for such other relief as is just.

RESPECTFULLY SUBMITTED, this the 22 day of December, 2016.

        **CALVIN HAMP AND**
        **JAMES JONES, DEFENDANTS**

        By: /s/ Michael J. Wolf
            Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document <u>via the ECF system</u>.

This the 22nd day of December, 2016.

                                                /s/ Michael J. Wolf
                                                Michael J. Wolf