IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"

### PLAINTIFFS' MEORANDUM IN SUPPORT OF HIS MOTION TO EXCLUDE DEFENDANTS' PROPOSED EXPERT, MR. TYRONE LEWIS, AND DEFENDANT'S PROPOSED EXPERT REPORT

COMES NOW, Plaintiff Michael Thompson, by and through his undersigned counsel of record and files pursuant to Fed. R. Evid. 702, 401, 402, and 403 this, Plaintiff's Memorandum in Support of His Motion to Exclude Defendants' Proposed Expert, Mr. Tyrone Lewis, and Defendant's Proposed Expert Report. The defendants have designated Mr. Tyrone Lewis as an expert to testify and offer his purported expert report and opinion at the trial of this matter. Ct. Doc. No. 42; Exhibit "A". Mr. Lewis is not qualified as an expert pursuant to Rule 702 because he is not qualified by knowledge, skill, experience, training, or education to give expert testimony relevant to the issues in this case. *See* Fed. R. Civ. P. 702. Mr. Lewis' purported expert report and the subject of his proposed testimony will not help the trier of fact to understand the evidence or determine any facts in issue in this case; are not based on sufficient facts or data; are not the product of reliable principles and methods; and are not based on a reliable application of any scientific, technical, or specialized principles or methods to the facts of this case. Fed. R. Evid. 702(a)-(d); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). As

such, this Court should strike the defendant's designation of Mr. Lewis as an expert and preclude him from testifying and offering his purported expert report pursuant to Rule 702. *Daubert*, 509 U.S. at 588.

## I. ARGUMENT

### A. Motion Standard

Mr. Tyrone Lewis is not qualified to testify as an expert or offer the opinions he lists in the report the defendants have tendered to the plaintiff as an expert report. See Exhibit "A". *Daubert* and its progeny require experts to be qualified to render opinions pursuant to Fed. R. Evid. 702 and mandate that proposed experts' testimony be reliable and relevant. *Daubert*, at 588; *Smith*, 495 F.3d at 227. The proponent of the use of an expert and that proposed expert's testimony has the burden of establishing that the expert is so qualified and that the expert's proposed testimony is reliable. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). "To qualify as an expert, the witness must have such knowledge or experience in [his] filed or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations omitted). In deciding whether to permit proposed expert testimony and opinions, a court must "make certain that an expert…employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Furthermore, under *Daubert*, courts must make preliminary assessments to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Crim. Justice*, 393 F.3d 577, 584 (5th Cir. 2004).

such, this Court should strike the defendant's designation of Mr. Lewis as an expert and preclude him from testifying and offering his purported expert report pursuant to Rule 702. *Daubert*, 509 U.S. at 588.

## I. ARGUMENT

### A. Motion Standard

Mr. Tyrone Lewis is not qualified to testify as an expert or offer the opinions he lists in the report the defendants have tendered to the plaintiff as an expert report. See Exhibit "A". *Daubert* and its progeny require experts to be qualified to render opinions pursuant to Fed. R. Evid. 702 and mandate that proposed experts' testimony be reliable and relevant. *Daubert*, at 588; *Smith*, 495 F.3d at 227. The proponent of the use of an expert and that proposed expert's testimony has the burden of establishing that the expert is so qualified and that the expert's proposed testimony is reliable. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). "To qualify as an expert, the witness must have such knowledge or experience in [his] filed or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotations omitted). In deciding whether to permit proposed expert testimony and opinions, a court must "make certain that an expert…employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Furthermore, under *Daubert*, courts must make preliminary assessments to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Crim. Justice*, 393 F.3d 577, 584 (5th Cir. 2004).

In order to determine whether expert testimony is reliable and, therefore, admissible, a court must scrutinize the sufficiency of the facts or data upon which the opinion is based, the dependability of the principles and methods the proposed expert employs, and the applicability of the principles and methods to the facts of the case. *Smith*, 495 F.3d at 227. To be relevant, the proposed expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Based on the issues before this Court, Mr. Lewis is not qualified to render the expert opinion the defense seeks to have him offer into evidence at trial, and his proposed expert report and opinions are neither relevant or reliable in this case. As such, Mr. Lewis and his report and opinions should be deemed inadmissible.

### B. Mr. Tyrone Lewis and his Opinions Should Be Barred from Trial Pursuant to *Daubert*

Mr. Lewis is not qualified to testify as an expert in this cause and his proposed expert testimony is not reliable and will not assist the trier of fact in understanding the evidence in this case. *See* Exhibits "A", "B", and "C". In central issues in this case revolve around whether the defendants conspired to, and did indeed, unlawfully arrest and detain the plaintiff in violation of certain of his clearly established Constitutional rights. Ct. Doc. No. 13, Plaintiff's Second Amended Complaint. In defendants' expert designation proposing to offer Mr. Lewis as an expert, they incorporate by reference his entire report as a summary of his proposed expert topic areas and proposed opinions. Exhibit "C" at 1; *see also* Exhibit "A" at 1-3. That report lists twenty-one separate "Opinions" that the defense suggests are appropriate areas for which Mr. Lewis can testify at trial. Exhibit "A" at 1-3. The defense does not explain whether or how Mr. Lewis is in any way qualified by knowledge, experience, or training to render any of

those twenty-one, purported "expert opinions." Moreover, the defendants have not established how Mr. Lewis supposedly used any such training, experience, or specialized knowledge in the formulation of those proffered opinions. The only qualifications the defense offers in support of its proposed use of Mr. Lewis as an expert is his resume, which the defense references as a "CV." That resume is totally lacking in any specifics regarding the training or on-the-job experience that qualify Mr. Lewis to render opinions that are relevant or reliable in this matter. Because the defense cannot demonstrate that Mr. Lewis is qualified to render an opinion pursuant to Fed. R. Evid. 702, the plaintiff respectfully requests this Court prevent him from testifying as an expert in this case.

Even if this Court were to find that Mr. Lewis is qualified to render opinions on specific topics relevant to this case, this Court should still not permit him to present his subject report and proposed testimony to the jury in this case because those opinions are not reliable or scientifically grounded. *Daubert*, 509 U.S. at 590. In order to be acceptable, Mr. Lewis' testimony must be scientifically grounded and cannot be based on mere conjecture or speculation. *Id*. If the opinion is based solely or primarily on experience, then a witness must connect the experience to the conclusion offered, must explain why the experience is a sufficient basis for the opinion, and must demonstrate the appropriateness of the application of the experience to the facts. Fed. R. Evid. 702, Advisory Committee Notes. The twenty-one aforementioned opinions in Mr. Lewis' report are not expert opinions at all under Rule 702. Fed. R. Evid. 702; Exhibit "A" at 1-3. In the numbered opinions in his report, Mr. Lewis simply recants self-serving statements the defendants made during the several state court trials that were conducted concerning the ticket that was issued to the plaintiff. First, Mr. Lewis fails to consider

those statements in connections with other witnesses' and even the defendants' own conflicting and contradictory testimony in those trials and in their depositions in this case. Next, Mr. Lewis in those few opinions where he states that the officers' actions based on those self-serving statements were reasonable, he gives no basis rooted in any training, experience, or special knowledge for opining that the officers' actions were reasonable. Exhibit "A". Mr. Lewis also in several instances opines that the defendants' behavior did not amount to entrapment despite the fact that that issue is foreclosed and the defense is collaterally estopped from arguing otherwise, by a final opinion rendered by a state court judge finding that the defendants did, in fact, entrap the plaintiff. Lastly, it appears that many of Mr. Lewis' purported opinions are unfounded and not based on anything contained in the list of evidence he claims he relied upon to come up with his opinions. Because Mr. Lewis' testimony is not scientifically grounded and because he cannot sufficiently connect his opinions to his experience, training, and specialized knowledge, this Court should find that his opinions are unreliable and prevent him from testifying pursuant to Fed. R. Evid. 702 at trial.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Court prevent the defense from offering Mr. Tyrone Lewis as an expert at trial and deem his expert report inadmissible.

**RESPECTFULLY SUBMITTED**, on this, the 27th day of December, 2016.

                                        MICHAEL THOMPSON
                                        PLAINTIFF

                                        /s/ E. Carlos Tanner, III
                                        E. Carlos Tanner, III, Esq. (MS Bar No. 102713)

TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi 39207
carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)

ATTORNEY FOR PLAINTIFF

6