IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                        PLAINTIFF

V.                                             CIVIL ACTION NO.  3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                                            DEFENDANTS

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO EXCLUDE EXPERT TESTIMONY

COMES NOWS the Defendants, Calvin Hamp and James Jones, each through counsel, and files this their Response To The Plaintiff's Motion To Exclude Defendants' Proposed Expert Testimony, Mr. Tyrone Lewis, and Defendants' Proposed Expert Report, to-wit:

The Plaintiff's opposition to Tyrone Lewis as an expert is based on the assertion that Mr. Lewis is not qualified as an expert pursuant to Rule 702 because he is not qualified in knowledge, skill, experience, training, for each case to give expert testimony relative to the issues in this case.

The Court certainly plays a gatekeeper role, but it does not replace the traditional adversary system and the place of the jury within the system.  (See *Daubert v. Dow*, 509 U.S. at 596 [113 S.Ct. 2786]) As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. (citing Rock v. Arkansas, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating

to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County*, Miss., 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)).   In his motion, the Plaintiff is merely attempting avoid the opinions of the expert, rather than test the credibility of those opinions before a jury.  This was not the intention of *Daubert*.

Exclusion of experts are unusual.   "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D.La. 2011) (citing Fed.R.Evid. 702 Advisory Committee Notes to 2000 Amendments).

Since the Plaintiff initially challenges the qualification of the expert, as a threshold matter, the trial judge must determine whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).   The only evidence before this Court are the exhibits offered by the plaintiff, including the CV and report of Tyrone Lewis.

Tyrone Lewis, according to his C.V., has the experience of being the Sheriff of the largest county in Mississippi.  Add to that  30 years of experience and on the job training as a police officer, including a training officer where he developed the ability to apply facts and evidence that lead him to interpret and apply laws and regulations according to the facts he found.  He was an Academy Instructor, a Shift Sergeant, a Precinct Commander, and ultimately a Sheriff.  He also had the title of Chief of Police, Deputy Chief of Standards and Training and Recruiting, and was a Commander and Director of  the Training Academy, as well as a and City of Public Information Officer.  With this background and on the job training, real life experience

2

Mr. Lewis to render opinions that are relevant and reliable in this matter. Mr. Lewis is qualified to give opinions related to the reasonableness of police action, among other thing.

Apparently anticipating the weakness of the argument regarding qualification, the Plaintiff also argues that if Mr. Lewis is in fact qualified, then his opinions aren't based on reliable standards. This argument is made despite the undisputed evidence that everything that Lewis has stated within the investigative report and opinion are reflections of a professional judgment and opinions to a reasonable degree of certainty. The expert opinions are based upon a review of documents contained within the record provided to him and upon his experiences as an Officer. The experts opinions all are formed through the reasoning and judgment of a law enforcement officer observing the circumstances of an arrest. The circumstances having been pulled from the testimony and other documents.

The district court will make a preliminary assessment of whether the reasoning underlying the testimony can be applied to the facts at issue . *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999). This "gate-keeping" obligation applies to all types of expert testimony, not just "scientific" testimony. Id. at 617-18 (citing *Kumho Tire*, 526 U.S. at 147). The district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The evidence before this court is that the opinions are based on professional judgment, and therefore there is nothing to show that some other standard would apply. The only methodology before this court is the reliable formation of opinions based on investigation of facts and application of police practices to those facts.

The Plaintiff also suggests that the information collected by the expert was not relevant. Rule 703 of the Federal Rules of Evidence provides that the facts or data supporting an expert's

opinion "need not be admissible in evidence in order for the opinion or inference to be admitted" if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Trial courts "should defer to the expert's opinion of what data they find reasonably reliable." ***Peteet v. Dow Chemical Co.***, 868 F.2d 1428, 1432 (5th Cir. 1989), cert. denied, 493 U.S. 935 (1989). "The number of sources on which an expert may reasonably rely "is virtually infinite," and such sources include interviews, reports prepared by third parties, scientific theories or test results, clinical and other studies, technical publications, business, financial, and accounting records, economic statistics, opinions of other experts, and general knowledge or experience." Jack B. Weinstein and Margaret A. Berger, *4 Weinstein's Federal Evidence* § 703.04[3], at 703-15 to 703-20 (2d ed. 2005).

There is no indication that the reviewed testimony does not provide "sufficient facts or data" to support Lewis' opinions, or that Lewis has not "reliably applied" his expertise to these facts. Fed. R. Evid. 702.

Wherefore, as the Curriculum Vitae and the expert report and the designation reflect the testimony of Tyrone Lewis satisfies the requirements under a Rule 702 and should be permitted at trial.

RESPECTFULLY SUBMITTED, this the 4th day of January, 2017.

/s/ Michael J. Wolf
MICHAEL J. WOLF - BAR NO. 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
(601) 420-0333
Fax (601) 420-0033
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Michael J. Wolf, do hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

THIS, the 4th day of January, 2017.

 /s/ Michael J. Wolf
MICHAEL J. WOLF