IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                  PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14-CV-00274-NBB-RP

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B", and "C"                     DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

In December of 2013, the Board of Supervisors for Tunica County, Mississippi, hired the plaintiff, Michael Thompson, to be the new County Administrator. Thompson took office in January of 2014 and immediately implemented a spending freeze and recommended budget cuts for all county departments and subdivisions.

Thompson's budgetary actions were not well-received by Sheriff Calvin Hamp. Hamp visited Thompson's office on two occasions. During the last visit, on February 10, 2014, Hamp questioned Thompson's authority to take any action regarding his department's budget. Because Thompson believed the tone of their discussion had become hostile, he asked the Sheriff to leave.

Tunica County has a fleet management safety policy in effect which requires a regular check on the driver's licenses of all county employees who operate county vehicles. Pursuant to this policy, Thompson's license was run soon after he took office. It was then discovered that

his license had been suspended due to an unpaid traffic ticket from Montgomery County, Mississippi. Both Hamp and Deputy Sheriff James Jones were privy to this discovery.

On February 12, 2014, two days after the last meeting between Thompson and Hamp, Deputy Jones witnessed a car swerving in and out of lanes. Jones initiated a stop and learned that Alex Wiley, the County Comptroller, was the driver and that Thompson was Wiley's passenger. Jones ran Wiley's license and it came back "Eligible for Reinstatement." Jones then asked Wiley about the status of his license, to which Wiley responded he was unsure but that he had recently received a traffic ticket while in Washington, D.C.

Thereafter, Deputy Jones decided that he was not going to allow Wiley to continue driving. He then asked Thompson, a passenger at the time, if he had a driver's license, and if so, whether it was valid. Thompson replied "yes" to both inquiries. Although Deputy Jones knew prior to this stop that Thompson's license had in fact been suspended, he nonetheless instructed him to drive the car. Jones initiated a second stop a few minutes later. He then ran Thompson's license, confirmed that it was suspended, and took Thompson into custody.

The Tunica County Justice Court later found Thompson guilty of driving with a suspended license. Thompson, however, appealed to the Tunica County Circuit Court, and, on November 10, 2014, he was found not guilty based on an entrapment defense.

Thompson filed the instant suit on December 24, 2014, against Sheriff Hamp and Deputy Jones. He asserts various constitutional claims including a claim pursuant to 42 U.S.C. § 1983 for alleged unlawful stop and seizure and unlawful arrest. Thompson also brings a claim pursuant to 42 U.S.C. § 1985 for an alleged conspiracy to violate his constitutional right to be free from an unlawful arrest. His final constitutional claim is one for a retaliatory arrest in violation of the First Amendment. Thompson also asserts state law claims for abuse of process, false arrest, false imprisonment, intentional infliction of emotional distress, and civil conspiracy.

The defendants now move for summary judgment and argue that Thompson has failed to demonstrate the existence of a genuine issue of material fact and that they are entitled to judgment as a matter of law.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* The Supreme Court has made it clear that "at the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the inquiry performed by the trial judge is merely a "threshold inquiry" of whether a trial is needed. *Id.* at 250. "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

In moving for summary judgment, the defendants first contend that they are entitled to qualified immunity on Thompson's § 1983 claims. Defendants additionally argue that the plaintiff's § 1985 conspiracy claim fails because he has presented no evidence of a conspiracy. With respect to his First Amendment claim, Defendants contend that Thompson has failed to demonstrate that he engaged in any protected speech. Lastly, the defendants assert that they are entitled to immunity under Mississippi law on all state law claims.

*§1983 Claims*

§ 1983 authorizes suit against any individual who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and law." 42 U.S.C. § 1983. An assertion of qualified immunity often protects government officials performing discretionary functions from both litigation and liability on such claims. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648 (N.D. Miss. 2013).

When qualified immunity is asserted, as has been done here, the court must make two determinations. The court considers whether the evidence demonstrates a violation of a constitutional right. *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013). The court additionally must determine whether the right at issue was clearly established at the time of the defendants' alleged misconduct. *Id.*

Thompson contends that the defendants are liable pursuant to § 1983 for his alleged unlawful arrest and the stop and seizure leading to his arrest. The defendants argue that Thompson has failed to articulate the violation of any *clearly established* right. Contrary to the defendants' argument, the right to be free from an unlawful arrest has been a clearly established constitutional right for some time. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007);

4

*Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998). Further, the right to be free from an unlawful search and seizure is also a clearly established constitutional right. *See Stanford v. Tex.*, 379 U.S. 476, 481 (1965); *Club Retro LLC v. Hilton*, 568 F.3d 181, 208-211 (5th Cir. 2009).

No violation of the right to be free from unlawful arrest has occurred, however, when it is supported by probable cause. *Sorenson*, 134 F.3d at 328. There also can be no violation of the right to be free from an unreasonable stop and search when supported by a reasonable suspicion that a crime has been or is being committed. *Lynch v. Harris County Texas*, 37 F. App'x 712 (5th Cir. 2002) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). To that end, the defendants argue first that there was a reasonable suspicion that Thompson was driving with a suspended license when he was stopped. Defendants further argue that the subsequent arrest was supported by probable cause.

"Reasonable suspicion arises from the combination of an officer's understanding of the facts and his understanding of the relevant law." *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014). Jones knew that Thompson's license had been suspended prior to initiating the second stop. With this knowledge, Jones thereafter witnessed Thompson driving. Looking solely to these facts, one might conclude that a reasonable suspicion existed sufficient to justify the stop and seizure.

Jones, however, was aware of Thompson's suspended license *prior* to the first stop. He also knew that Thompson only began driving that night *after* Deputy Jones conducted the initial stop, prohibited Wiley from continuing to drive, and then instructed Thompson to take control of the car. Simply put, no reasonable suspicion of a crime would have arisen that night but for Deputy Jones' interference. So, in looking at the officer's *complete* understanding of the facts before him, the court is not persuaded that the stop and seizure was a reasonable one.

With respect to the unlawful arrest claim, "probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *C.H. v. Rankin County Sch. Dist.*, 415 F. App'x 541, 545 (5th Cir. 2011) (quoting *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006)). Jones knew that Thompson's license had been suspended when he witnessed him driving. Defendants argue that a reasonable person with knowledge of these facts would conclude that Thompson was committing an offense. While this argument at first glance may have some appeal, the court is left unconvinced.

The defendants overlook that a reasonable person would be charged with the "totality of the facts and circumstances" within Deputy's Jones' knowledge at the moment of Thompson's arrest. At the moment of the arrest, Jones knew that Thompson was committing a crime *only* because he had so directed him. To reiterate, Deputy Jones had knowledge of Thompson's suspended license before having any interaction with Wiley or Thompson that night. He knew that Thompson had not been driving prior to the first stop. After initiating the first stop, Deputy Jones prohibited Wiley from continuing to drive and instructed Thompson that he must drive the car. It must not be ignored that Deputy Jones instructed Thompson to drive knowing that Thompson's license had been suspended, thereby inducing Thompson into committing the offense. The probable cause articulated by Defendants, therefore, did not exist but for Deputy Jones' actions.

For these reasons, the court finds that the motion for summary judgment should be denied as to these claims. Defendants have failed to show that they are entitled to judgment as a matter of law. Moreover, the court has discretion to allow the plaintiff's claims to proceed to trial. *Anderson*, 477 U.S. at 255 (explaining "neither do we suggest . . . that the trial court may not

deny summary judgment in a case where there is reason to believe that the better course would be to proceed to trial."). Further, when a case presents a "close call," courts generally find this to favor the non-moving party. *See E.E.O.C. v. West Customer Management Group, LLC*, 899 F. Supp. 2d 1241, 1258 (N.D. Fl. 2012) (citing *Russaw v. Barbour Cnty. Bd. of Educ.*, 891 F. Supp. 2d 1281, 1295 (M.D. Ala. 2012)).

*§1985 Claim*

Thompson alleges that the defendants conspired to violate his civil rights, namely his right to be free from an unlawful arrest. § 1985 authorizes suit against "two or more persons . . . [who] conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

To prevail on a §1985 claim, the plaintiff must present sufficient evidence showing that the defendants "conspired or otherwise agreed to deprive him of his rights." *Jackson v. Biedenharn*, 429 F. App'x 369, 372 (5th Cir. 2011) (citing *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979)). Defendants argue that Thompson has failed to provide any evidence of a conspiracy or agreement to seek his arrest. The only evidence offered on this issue shows that both Hamp and Jones knew that Thompson's license had been suspended prior to his arrest. No evidence has been presented showing any discussions between the defendants in which they devised a plan to arrest the plaintiff, or anything else of that nature. The court, therefore, finds that Thompson has failed to produce sufficient evidence demonstrating that the defendants conspired to arrest him.

Even if sufficient evidence of a conspiracy were present, the claim would still be without merit. The only type of conspiracy actionable under §1985(3) is one motivated either by racial or another impermissible class-based animus. *See Anderson v. City of Dallas*, 116 F. App'x 19,

32 (5th Cir. 2004); *Stringer v. McDaniels*, 64 F. App'x 416 (5th Cir. 2003); *Newberry v. East Texsa State Univ.*, 161 F.3d 276, 281 (5th Cir. 1998); *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996); *Deubert v. Gulf Fed. Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *Daigle v. Gulf States Utils. Co.*, 794 F.2d 974, 979-80 (5th Cir. 1986). Thompson neither alleges nor presents any evidence that the purported conspiracy was motivated by race or another class-based animus.

For these reasons, the court finds that Defendants have demonstrated that they are entitled to judgment as a matter of law. Summary judgment, therefore, will be granted on this claim.

*First Amendment Claim*

Thompson further alleges that the underlying arrest was retaliatory in nature and violated his First Amendment right to free speech. The First Amendment "prohibits . . . adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (citing *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999)).

It is axiomatic that a claim for First Amendment retaliatory arrest requires the plaintiff to first demonstrate that he has engaged in a constitutionally protected activity, i.e. that he engaged in speech protected by the First Amendment. *Brooks v. City of West Point, Miss.*, 639 F. App'x 986, 989 (5th Cir. 2016) (citing *Keenan*, 290 F.3d at 258). In moving for summary judgment, Defendants argue that Thompson has failed to demonstrate or offer proof of a protected statement. Thompson responds by contending that he "exercised his right to express his opinion as to the poor financial condition of Tunica County" when he recommended that the county institute a spending freeze and impose county-wide budget cuts. Thompson also points to the two occasions in which Sheriff Hamp visited Thompson's office and the two discussed Thompson's actions and authority regarding county budgetary matters.

8

As Tunica's county administrator, Thompson was a "public employee." A public employee's speech is protected only to the extent that he is speaking as a citizen on matters of public concern. *Davis v. McKinney*, 518 F.3d 304, 311 (5th Cir. 2008) (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968)). Speech is not protected by the First Amendment when it is made pursuant to an employee's official duties or in the course of performing his or her job. *Davis*, at 312 (citing Ronna Greff Schneider, 1 Education Law: First Amendment, Due Process, and Discrimination Litigation § 2:20 (West 2007)). By recommending a spending freeze and budget cuts, Thompson was merely performing his job. And in discussing budgetary matters with Sheriff Hamp, the plaintiff was not speaking as an ordinary citizen on matters of public concern, but, instead, was speaking solely pursuant to his official duties as the county administrator.

Based on this discussion, the court agrees that the plaintiff has failed to demonstrate that he engaged in a constitutionally protected activity. Accordingly, the court finds that Defendants are entitled to judgment as a matter of law and that summary judgment should be granted as to this claim.

*State Law Claims*

Lastly, Thompson asserts state law claims for abuse of process, false arrest, false imprisonment, intentional infliction of emotion distress, and civil conspiracy. Defendants argue that they are entitled to state law immunity on these claims.

The court first notes that Thompson wholly fails to brief these claims in responding to the present motion for summary judgment. In addition, the Mississippi Tort Claims Act ("MTCA") provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). Accordingly,

9

employees are entitled to immunity pursuant to the MTCA on state law claims like the ones asserted here. *See Hagan v. Jackson, Miss.*, 2014 WL 4914801 (S.D. Miss. Sep. 30, 2014).

For these reasons, the court finds that Defendants have shown that they are entitled to judgment as a matter of law. Summary judgment, therefore, should be granted as to these claims.

## Conclusion

Based on the forgoing discussion, the court finds that the defendants' motion for summary judgment should be granted in part and denied in part. The motion shall be granted as to Thompson's § 1985 conspiracy claim, First Amendment retaliatory arrest claim, and state law claims. Those claims shall be dismissed. The motion shall be denied as to Thompson's § 1983 claims for unlawful arrest and unlawful stop and seizure. Those claims shall proceed to trial. A separate order in accord with this opinion shall issue this day.

This, the 17th day of February, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**