IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                               PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:14-CV-00274-NBB-RP

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B", and "C"                                                        DEFENDANTS

## ORDER

This cause comes before the court upon the plaintiff's motion to exclude expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The plaintiff requests that this court exclude the testimony of Defendants' proposed expert Tyrone Lewis and his proposed expert report.

After due consideration, the court finds that Defendants have failed to demonstrate that Lewis is qualified to testify as an expert regarding any issues relevant to the remaining claims. A witness is qualified to testify as an "expert" only when shown to possess some "knowledge, skill, experience, training, or education" that would "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In conclusory fashion, Defendants allege that Lewis is qualified as an expert by way of "his background [] on the job training, [and] real life experience." In support of this assertion, Defendants point only to Lewis's years of experience in law enforcement. The court finds this to be insufficient as "general experience as a police officer, standing alone, is not sufficient to qualify the officer as an expert in every area of law enforcement." *Thomas v. City of Monroe*, 157 F.3d 901, *5 (5th Cir. 1998).

Accordingly, the court finds that the plaintiff's motion to exclude the testimony and proposed expert report of Lewis is well-taken, and is, therefore, **GRANTED**. Notwithstanding

this finding, Defendants are not precluded from calling Lewis as a witness to offer lay opinion testimony if they so choose. The admissibility of any such testimony can be addressed at trial.

**SO ORDERED AND ADJUDGED** this, the 27th day of February, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**