IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                         PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity;
JAMES JONES, in his individual capacity;
and UNKNOWN DEFENDANTS
"A", "B" AND "C"                                                        DEFENDANTS

## DEFENDANT JAMES JONES' and DEFENDANT CALVIN HAMP'S FIRST MOTION IN LIMINE TO EXCLUDE LOST INCOME CLAIMS

COMES NOW, Defendants, and each of them, in the above referenced cause and files this First Motion In Limine, to wit;

It is anticipated that the Plaintiff will attempt to present evidence that he lost income as a result of the incidents alleged within the Complaint. However, the evidence which the Plaintiff will attempt to offer is not the typical lost wages resulting directly from the incident. In this instance the Plaintiff does not claim lost wages from his job with the County, but rather claims that two years after the incident he was unable to secure a contract with another County, Sunflower, for contract work. The testimony which the Plaintiff may attempt to provide is inadmissible as it is irrelevant and based on hearsay.

The testimony that another County did not hire the Plaintiff as an independent contractor, years after the incident, is irrelevant and inadmissible under FRE 401 and 402. Further if the evidence has any probative value it is far outweighed by the confusion of the issues and may mislead the jury, as such is inadmissible under FRE 403.

Further, the evidence that the Plaintiff was not hired by a third party county, is based on hearsay evidence, which is inadmissible under FRE 802. In particular, it is expected that the

1

Plaintiff will claim that the reason the Sunflower County Board of Supervisors did not hire him, was because of this incident in Tunica County. However, Board of Sunflower County speaks through its minutes the Plaintiff has provided no evidence related to the reasons that the Board of Supervisors did not hire the Plaintiff, other than speculative hearsay. And, as speculative evidence, the Plaintiff cannot introduce evidence in violation of FRE 602.

Finally, the Plaintiff failed to provide tax returns, although requested in discovery, which demonstrates his income so as to determine the nature and extent of his losses. Undisclosed information relating to lost income is inadmissible.

**WHEREFORE PREMISES CONSIDERED** For the foregoing reasons, the Defendant, moves this Court to order that the Plaintiff, Plaintiff's counsel and any witnesses be ordered not to testify to the jury about any lost income related to a contract with Sunflower County, or lost income or any wages from tax returns.

RESPECTFULLY SUBMITTED, this the 13th day of March, 2017.

**CALVIN HAMP AND
JAMES JONES, DEFENDANTS**

By: /s/ Michael J. Wolf
     Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the ECF system.

This the 13th day of March, 2017.

/s/ Michael J. Wolf
Michael J. Wolf