IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity;
JAMES JONES, in his individual capacity;
and UNKNOWN DEFENDANTS
"A", "B" AND "C"                                    DEFENDANTS

## DEFENDANT JAMES JONES' and DEFENDANT CALVIN HAMP'S
## FIFTH MOTION IN LIMINE TO EXLCUDE TESTIOMONY PER COURT OPINION

COMES NOW, Defendants, and each of them, in the above referenced cause and files this Fifth Motion In Limine to exclude testimony that does not comply with the Law of the Case, as set out in the Court's Memorandum Opinion (Docket #72), to wit;

1)     It is anticipated that the Plaintiff will claim that several theories or factual basis of liability might still exists which this court has judged are not applicable.

2)     In the memorandum opinion (Docket #72), the Court stated:

> "Based on the forgoing discussion, the court finds that the Defendants' motion for summary judgment should be granted in part and denied in part. The motion shall be granted as to Thompson's § 1985 conspiracy claim, First Amendment retaliatory arrest claim, and state law claims. Those claims shall be dismissed. The motion shall be denied as to Thompson's § 1983 claims for unlawful arrest and unlawful stop and seizure. Those claims shall proceed to trial. A separate order in accord with this opinion shall issue this day."

3)     It is anticipated that the Plaintiff will attempt to present evidence of a conspiracy to arrest the Plaintiff. Specifically it is expected that the Plaintiff will inply that the Sheriff

1

and Defendant Jones, planned the arrest of the Plaintiff. There is no evidence of such a plan, and it has been dismissed by the Court as a basis of liability.

4) It is anticipated that the Plaintiff will present evidence that, while County Administrator, he advocated budget cuts and that the Sheriff voiced opposition. It is expected that the Plaintiff will imply that he had a "first amendment right" in this regard. However, the Court has resolved that no such right was implicated. To present such evidence would be confusing and mislead the jury, and is irrelevant.

5) It is expected that the Plaintiff might attempt to advance simple negligence claims or other state law claims. The Court has resolved that these are not appropriate claims.

6) The Court's prior ruling, and FRE 402 and 403, prohibit the forgoing testimony at trial.

**WHEREFORE PREMISES CONSIDERED** For the foregoing reasons, the Defendant, moves this Court to order that the Plaintiff, Plaintiff's counsel, and any witnesses be ordered not to testify or imply that a conspiracy existed, or that first amendment rights were violated, or that state law claims were violated by the Defendants.

RESPECTFULLY SUBMITTED, this the 13 day of March, 2017.

**CALVIN HAMP AND
JAMES JONES, DEFENDANTS**

By: /s/ Michael J. Wolf
Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document <u>via the ECF system</u>.

This the 13th day of March, 2017.

/s/ Michael J. Wolf<br>
Michael J. Wolf