IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                                        PLAINTIFF

v.                                                        CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"

**PLAINTIFF'S SECOND MOTION IN LIMINE
TO EXCLUDE TESTIMONY AND ARGUMENT REGARDING THE
DEFENDANTS' ARREST OF NON-PARTY ALVIN HARRIS**

COMES NOW, Plaintiff Michael Thompson, by and through his undersigned counsel of record and files this, his Second Motion in Limine to Exclude Testimony and Argument Regarding Defendants' Arrest of Non-Party Alvin Harris. Defendants Calvin Hamp and James Jones have demonstrated their intent to testify about, and put forth evidence at trial of, their alleged arrest of a man named Alvin Harris on or around the date they arrested Plaintiff Michael Thompson. On information and belief, Defendants Calvin Hamp and James Jones plan to offer testimony concerning Mr. Harris' alleged arrest in an effort to show that their unlawful arrest of Mr. Thompson was done in connection with a supposed Tunica County fleet management policy to routinely check county employees' drivers' licenses. Mr. Thompson does not seek to bar the defendants from claiming that the defendants checked his license pursuant to such a policy. He, nevertheless, moves this Court to prevent the defendants from introducing evidence of an arrest of Mr. Harris. The defendants claim that as a result of checking the licenses of county employees, they arrested this Mr. Harris because he had a valid warrant from another jurisdiction. That such testimony is wholly unrelated and dissimilar to the

1

evidence concerning Mr. Thompson's arrest. If the defendants are to be believed, Mr. Harris, unlike Mr. Thompson, was lawfully arrested pursuant to the aforementioned warrant. There was no valid warrant for Mr. Thompson's arrest when Mr. Jones instructed him to drive a vehicle that he otherwise had no intention of driving. The defendants' proposed testimony concerning Mr. Harris serves no legitimate purpose other than to suggest to the jury in this case that because Mr. Harris was arrested on a warrant the defendants were somehow justified in wrongfully arresting Mr. Thompson where no warrant existed. That such testimony and evidence will undoubtedly confuse the jury and cloud the issues that are before this Court. Therefore, Mr. Thompson respectfully requets this Court exclude such testimony and evidence pursuant to Fed. R. Evid. 401, 402, and 403.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Court prevent the defendants from introducing at trial any testimony or other evidence concerning any arrest of an Alvin Harris.

**RESPECTFULLY SUBMITTED**, on this, the 13th day of March, 2017.

MICHAEL THOMPSON
PLAINTIFF

/s/ E. Carlos Tanner, III
E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi 39207
carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, E. CARLOS TANNER, III, certify that on this date, March 13, 2017, I have filed the foregoing Plaintiff's Second Motion in Limine to Exclude Testimony and Argument Regarding the Defendants' Arrest of Non-Party Alvin Harris using the ECF system which caused notification of such filing to be submitted to all counsel of record in this cause.

So certified, on this, the 13th day of March, 2017.

> MICHAEL THOMPSON
> PLAINTIFF
>
> /s/ E. Carlos Tanner, III
> E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
> TANNER & ASSOCIATES, LLC
> P.O. Box 3709
> Jackson, Mississippi 39207
> carlos.tanner@thetannerlawfirm.com
> 601.460.1745 (telephone)
> 662.796.3509 (facsimile)
>
> ATTORNEY FOR PLAINTIFF