IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                                         PLAINTIFF

v.                                                         CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"

## PLAINTIFF'S THIRD MOTION IN LIMINE
## TO EXCLUDE TESTIMONY, EVIDENCE AND ARGUMENT REGARDING CONVERSATIONS BETWEEN PLAINTIFF MICHAEL THOMPSON AND ATTORNEY ELLIS PITTMAN

COMES NOW, Plaintiff Michael Thompson, by and through his undersigned counsel of record and files this, his Third Motion in Limine to Exclude Testimony, Evidence, and Argument Regarding Conversations Between Plaintiff Michael Thompson and Attorney Ellis Pittman.  Plaintiff has reason to believe Defendants Calvin Hamp and James Jones intend to offer testimony concerning conversations that they allege occurred between Plaintiff Michael Thompson and Attorney Ellis Pittman, deceased.  On February 12, 2014, after Defendants Calvin Hamp and James Jones unlawfully arrested Mr. Thompson and detained him at the Tunica County Jail, Mr. Thompson made a telephone call to Attorney Ellis Pittman, deceased; informed Attorney Pittman that the defendants had wrongfully arrested him; and sought Attorney Pittman's legal advice and counsel.  Attorney Pittman visited with the plaintiff at the jail.  Defendant Hamp and others within his employ apparently secretly recorded the conversation between Mr. Pittman and Mr. Thompson.  First, any conversation between Attorney Pittman and Mr. Thompson is irrelevant to the issues that remain before the Court as the content of that communication

1

makes it no more or less likely that the defendants violated Mr. Thompson's constitutional rights by unlawfully arresting him. As such, any such conversation should be barred pursuant to Fed. R. Evid. 401, 402, and 403. The conversation between Mr. Thompson is also inadmissible hearsay, prohibited by Fed. R. Evid. 801 and 802. Further, any statements Mr. Thompson might have communicated Attorney Pittman were done for the purpose of seeking legal advice and are, thus, subject to attorney-client privilege. Lastly, the defense should not be able to use any such statements because they failed to produce those statements to the plaintiff by the close of discovery.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Court prevent the defendants from introducing at trial any testimony or other evidence concerning any conversation between Plaintiff Michael Thompson and Attorney Ellis Pittman.

**RESPECTFULLY SUBMITTED**, on this, the 13th day of March, 2017.

MICHAEL THOMPSON
PLAINTIFF

/s/ E. Carlos Tanner, III
E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi 39207
carlos.tanner@thetannerlawfirm.com
601.460.1745 (telephone)
662.796.3509 (facsimile)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, E. CARLOS TANNER, III, certify that on this date, March 13, 2017, I have filed the foregoing Plaintiff's Third Motion in Limine to Exclude Testimony, Evidence, and Argument Regarding Conversations Between Plaintiff Michael Thompson and Attorney Ellis Pittman using the ECF system which caused notification of such filing to be submitted to all counsel of record in this cause.

So certified, on this, the 13th day of March, 2017.

> MICHAEL THOMPSON
> PLAINTIFF
>
> /s/ E. Carlos Tanner, III
> E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
> TANNER & ASSOCIATES, LLC
> P.O. Box 3709
> Jackson, Mississippi 39207
> carlos.tanner@thetannerlawfirm.com
> 601.460.1745 (telephone)
> 662.796.3509 (facsimile)
>
> ATTORNEY FOR PLAINTIFF