IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                PLAINTIFF

V.                                                          CIVIL ACTION NO.  3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                                          DEFENDANTS

## RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE

COMES NOW the Defendants, and each of them, through counsel and file this their response to the Plaintiff's First Motion In Limine To Exclude Testimony and Argument That The Defendants' Arrest of Plaintiff Michael Thompson was lawful, to-wit and in opposition the Defendants state the following:

1.      The Plaintiff argues that simply because he was found "not guilty of driving on a suspended license" that his arrest was unlawful.  However, the lawfulness of an arrest is not determined by the findings of guilt or innocence and such a charge would be an incorrect statement of law.

2.      He further argues that the arrest was the result of entrapment.  However, entrapment is not theory creating a constitutional of violation of the law.  The lawfulness of an arrest is not affected by an affirmative defense, in criminal matter, of entrapment, and there is no specific finding of entrapment in any court proceeding.  The criminal court simply ruled that the charges against the Plaintiff were dismissed.

3.      Plaintiff alleges that Fed. R. Evid. 401, 402, and 403 and the doctrine of collateral

1

estoppel limit testimony on this matter. This is incorrect.

4.   Collateral estoppel is not appropriate as you do not have a complete unity of parties between the criminal action and this case.

5.   The question of whether or not the arrest was lawful is relevant to the issues to the court as it is, in fact, what the Plaintiff is arguing to the contrary. Therefore Rule 401 and its test for relevancy does not exclude the testimony of lawfulness.

6.   The Rule of Evid. 402 makes relevant evidence admissible unless otherwise excluded. The evidence is irrelevant. The Plaintiff has not identified any statute or rule which may limit this relevant evidence and provides no indication as to how it is in fact irrelevant.

7.   Fed. Rule of Evid. 402 does not limit evidence of the lawfulness of the arrest. The evidence or testimony regarding the lawfulness of the arrest is wholly relevant.

8.   The evidence of lawfulness is neither mis-leading, confusing, or cumulative of any evidence which might otherwise be presented and therefore is not properly excluded under Rule 403.

WHEREFORE PREMISES CONSIDERED, the Defendants respectfully request that the Court deny the Plaintiff's First Motion In Limine To Exclude The Testimony Regarding The Lawfulness of Michael Thompson's Arrest.

RESPECTFULLY SUBMITTED, this the 15th day of March, 2017.

> CALVIN HAMP AND
> JAMES JONES, DEFENDANTS
>
>
> By: /s/ Michael J. Wolf
>      Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document <u>via the ECF system</u>.

This the  15th day of March, 2017.

/s/ Michael J. Wolf_____
Michael J. Wolf

3