IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON PLAINTIFF

V. CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and in his official capacity as sheriff of Tunica County, MS, JAMES JONES, in his individual capacity and in his official capacity as a captain in Tunica County's sheriff's office, and UNKNOWN DEFENDANTS "A", "B" AND "C" DEFENDANTS

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION IN LIMINE REGARDING ARGUMENT OF THE ARREST OF NON-PARTY ALVIN HARRIS**

COMES NOW the Defendants, and each of them, through counsel and file this their response in opposition to the Plaintiff's Second Motion In Limine To Exclude Testimony and Argument Regarding The Defendants' Arrest of Non-Party Alvin Harris, and in opposition state as follows:

1. Whether or not the arrest of Alvin Harris is presented is dependent on whether the Plaintiff argues, or testifies, that in some way he might have been singled out or targeted for arrest as a result of the enforcement of any county wide vehicle safety policy. In the event the Plaintiff does not attempt to argue that he was singled out or targeted for arrest then it is unlikely that the name of Alvin Harris will come into testimony.

2. The truth of the matter is that, prior to the arrest of the Plaintiff, a county wide fleet management policy required the routine check of county employee's driver's license. As a result of this routine check, several names came up as persons who were not qualified to be driving county vehicles including the Plaintiff Mr. Thompson and another employee Alvin

Harris. As a result of this information, the Sheriff and others became aware of the driver's license status of Mr. Thompson though he was not targeted for arrest as a result of it. The Sheriff also became aware of a warrant for Alvin Harris who was then arrested on the warrant. The Sheriff was informed that a warrant had also been issued for Michael Thompson but, had not yet confirmed in writing the existence of this warrant. Mr. Alvin Harris was arrested pursuant to the warrant, Michael Thompson was not.

3. Michael Thompson has argued that he has been singled out for arrest as a result of his disagreement over budgeting issues, since the issue of his First Amendment claim has been resolved and is not relevant to further proceedings it is unlikely that this Court should allow any discussion regarding prior disagreements between the parties. In the event the Court does permit any discussion regarding prior knowledge then its context is relevant, and full application of the county wide fleet policy would be relevant.

4. In the event that Mr. Thompson opens the door to claims that the Defendant had previously singled out, conspired, sought, or planned the arrest, then the circumstances of Alvin Harris become relevant. In the event that the Plaintiff does not open this door it is unlikely that the defense will be offering testimony regarding Alvin Harris.

It is respectfully submitted that the Plaintiff's Second Motion In Limine should be denied as its relevance can only be determined in light of the Plaintiff's evidence and arguments at trial.

RESPECTFULLY SUBMITTED, this the 15th day of March, 2017.

    CALVIN HAMP AND
    JAMES JONES, DEFENDANTS

    By: /s/ Michael J. Wolf
        Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
Email: mwolf@pagekruger.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the ECF system.

This the 15th day of March, 2017.

/s/ Michael J. Wolf
Michael J. Wolf