IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 3:14cv274-NBB-SAA

CALVIN HAMP, in his individual capacity and
in his official capacity as sheriff of Tunica County, MS,
JAMES JONES, in his individual capacity and
in his official capacity as a captain in Tunica
County's sheriff's office, and UNKNOWN
DEFENDANTS "A", "B" AND "C"                        DEFENDANTS

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
THIRD MOTION TO EXCLUDE TESTIMONY, EVIDENCE AND
ARGUMENT REGARDING CONVERSATIONS BETWEEN PLAINTIFF
MICHAEL THOMPSON AND ATTORNEY ELLIS PITTMAN**

COMES NOW the Defendants, and each of them, through counsel and file this their response in opposition to the Plaintiff's Third Motion To Exclude Testimony, Evidence And Argument Regarding Conversations Between Plaintiff Michael Thompson And Attorney Ellis Pittman, to-wit:

1.      At all times alleged within the pleading Ellis Pittman was the County Board Attorney for Tunica County. He had an obligation to the county to represent its interest alone. Any other representation by Ellis would have been in conflict with his obligations to the county.

2.      The Plaintiff Michael Thompson was the county administrator, at the time of the incident, and was fully aware of the position of Ellis Pittman as the attorney for Tunica County. Michael Thompson contacted county attorney Ellis Pittman with full knowledge of his position as county attorney, not to seek representation but instead to seek a favor.

3.      Ellis Pittman did not represent, or enter an appearance on behalf of, Michael Thompson in any proceeding, including the criminal proceedings which Michael Thompson was

1

a party. In fact, during criminal proceedings Pittman continued to serve as County Board Attorney. As the County Board Attorney, Ellis Pittman's obligation to serve the interest, including that of the Sheriff, remained inviolate and Plaintiff cannot genuinely argue that he was seeking representation through an attorney known to represent the party opposite him.

4. Further, any recordings made at the jail were done in public areas, where no party including the attorney Ellis Pittman and the Plaintiff Michael Thompson, had a reasonable expectation to privacy. Michael Thompson declared he made a mistake, did not do so in an attorney-client communication, and therefore any communication between him and Mr. Pittman are public relevant as admissions against interest and are permitted herein. Further, all recordings and discovery requests propound by the Plaintiff would have been responded to in full, yet Plaintiff's not having propounded a single Interrogatory or Request For Production of Documents cannot now claim that they were denied access to discovery. It is anticipated that the recordings, if any, are purely rebuttal. Therefore, this Motion should be dismissed.

RESPECTFULLY SUBMITTED, this the 15th day of March, 2017.

CALVIN HAMP AND
JAMES JONES, DEFENDANTS


By: /s/ Michael J. Wolf
    Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
Email: mwolf@pagekruger.com

2

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document <u>via the ECF system</u>.

This the 15th day of March, 2017.

/s/ Michael J. Wolf
Michael J. Wolf