IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:14-CV-00274-NBB-RP

CALVIN HAMP, in his Individual Capacity,
JAMES JONES, in his Individual Capacity, and
UNKNOWN DEFENDANTS "A," "B," and "C"                                                    DEFENDANTS

ORDER

Presently before the court are several motions in limine filed by the parties in the above-entitled action. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

Standard for Motion in Limine

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence," but "[e]vidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). But, where a motion in limine has been denied, that "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013). Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* To that end, "an order denying a motion does not relieve a party from making an objection at trial," because "the [c]ourt's ruling on a motion in limine is not a definitive ruling on the admissibility of evidence." *Cassidian Communications, Inc. v. Microdata GIS, Inc.*, 2013 WL 11322510, at *1 (E.D. Tex. Dec. 3, 2013).

Discussion

*Defendants' Motions in Limine*

The Defendants have put forth six motions in limine for the court to consider. Each will be considered in turn.

1. Defendants' first motion in limine is to exclude plaintiff's evidence of lost income pursuant to Federal Rules of Evidence 401-403, and 802. Additionally, the defendants claim any evidence of lost income put forth by the plaintiff is irrelevant because the lost income derives from a job plaintiff was not able to secure two years after the incident in question. Defendants also claim plaintiff did not provide income tax records as requested in discovery. The court finds that a ruling on this issue should be reserved for trial and addressed if or when it arises. Thus, this motion will be denied at this time and carried forward to trial.

2. Defendants' second motion in limine is to exclude any news media references offered as evidence by the plaintiff pursuant to Federal Rules of Evidence 403 and 802. The court finds this argument persuasive as news media qualifies as hearsay, and the probative value of the evidence is outweighed by the danger of unfair prejudice. This motion will, therefore, be granted, and any evidence of news media coverage referencing this matter is barred.

3. The third motion in limine seeks to bar the plaintiff from introducing evidence of rising blood pressure associated with this incident based on Federal Rules of Evidence 403, 701-703, and 802. The court finds this argument persuasive; therefore, this motion will be granted.

4. Defendant Hamp's fourth motion in limine seeks to bar the plaintiff from alluding to Defendant Hamp's official capacity as sheriff so as to prevent introducing an impermissible "respondeat superior" argument. The court finds that this matter should be reserved for trial. Thus, this motion will be denied at this time and carried forward to trial.

5. Defendants' fifth motion in limine seeks to exclude testimony in accordance with this court's February 17, 2017 order and opinion ruling on the defendants' motion for summary judgment. The defendants move the court to bar the plaintiff from introducing evidence of claims which the court dismissed in said order and opinion, specifically evidence of a conspiracy to arrest the plaintiff, testimony supporting the previously dismissed First Amendment claim, and the plaintiff's state law claims. The court finds that this evidence should be excluded; thus, the defendants' motion will be granted.

6. The defendants' final motion in limine seeks to exclude entrapment arguments which the defendants anticipate will be made by the plaintiff. Defendants argue that entrapment is derived from statutory grounds, not constitutional grounds; thus, entrapment cannot form the basis of a civil constitutional claim. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. Miss. 2007). Defendants also argue that Federal Rules of Evidence 402, 403, and 701 exclude the entrapment argument. The court finds that this matter should be carried forward to trial; thus, it will be denied at this time.

*Plaintiff's Motions in Limine*

The plaintiff has put forth three motions in limine for the court's consideration. Each of those will be addressed in turn.

1. Plaintiff's first motion in limine seeks to exclude testimony and argument that defendants' arrest of plaintiff was lawful. Specifically, the plaintiff argues that Federal Rules of Evidence 401, 402, and 403, as well as the doctrine of collateral estoppel, bar the defendants from attempting to re-litigate the matter of the lawfulness of the subject arrest since it has been fully litigated ending in a final judgment from appeal in the Circuit Court of Tunica County. The plaintiff asserts that the circuit court's order amounts to a finding of entrapment and unlawful

arrest. The defendants argue that the order simply dismissed the plaintiff's charges with no official determination of these issues. The court reserves judgment on this motion at this time as it has ordered further briefing for clarification as to whether this court should take judicial notice of the November 10, 2014 judgment of the circuit court and if so, to what extent. The motion will be denied at this time and carried forward.

    2. Plaintiff's second motion in limine seeks to exclude testimony and argument regarding the defendants' arrest of non-party Alvin Harris. Plaintiff argues Harris' arrest should be excluded pursuant to Federal Rules of Evidence 401-403. Alvin Harris was also an employee of Tunica County and was subsequently arrested as a result of the routine county employees' drivers' licenses check. But, there was a valid arrest warrant for Harris, whereas no such warrant for plaintiff existed. Plaintiff also contends that he is not trying to prevent the defendants from claiming they checked his license pursuant to policy. The court finds that this matter should be reserved for trial. The motion will therefore be denied and carried forward.

    3. Plaintiff's final motion in limine seeks to exclude testimony, evidence, and argument regarding conversations between plaintiff and attorney Ellis Pittman. Ellis Pittman, now deceased, served as the County Board Attorney for Tunica County. After his arrest, plaintiff contacted Pittman, who visited plaintiff in jail. Plaintiff seeks to exclude any evidence or recordings regarding the communications between Pittman and plaintiff. Plaintiff argues Federal Rules of Evidence 401-403, 801-802, as well as attorney-client privilege bar this evidence. The court finds this argument persuasive; therefore, this motion will be granted.

## Conclusion

Based on the foregoing discussion, the court finds the motions in limine should be granted in part and denied in part. Defendants' motions seeking to exclude news media

references [2], testimony of rising blood pressure [3], and testimony regarding claims previously dismissed by the court [5] are hereby GRANTED.  Plaintiff's motion to exclude testimony, evidence and argument regarding conversations between plaintiff and Attorney Ellis Pittman [3] are hereby GRANTED.  All remaining motions shall be reserved for trial.

    SO ORDERED AND ADJUDGED this, the 18th day of April, 2017.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**