IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON					PLAINTIFF

V.							CIVIL ACTION NO. 3:14cv274-NBB-RP

CALVIN HAMP, in his individual capacity;
JAMES JONES, in his individual capacity;
and UNKNOWN DEFENDANTS
"A", "B" AND "C"					DEFENDANTS

**DEFENDANT JAMES JONES' and DEFENDANT CALVIN HAMP'S SUPPLMENTAL RESPONSE TO THE COURT'S REQUEST FOR ADDITIONAL BRIEFING [DOC #88]**

COMES NOW, the Defendants, James Jones and Calvin Hamp, each of their individual capacity, respond to the Court's request regarding whether a finding of entrapment and/or unlawful arrest may be made as a matter of law, and submit the following supplemental brief:

1. This Court has inquired whether "the court should take judicial notice of the findings in the November 10, 2014 judgment from the Circuit Court of Tunica County, specifically, whether the order taken in conjunctions with the circuit court transcript amounts to an official finding of entrapment and/or an unlawful arrest." The Court has ordered this additional briefing.

2. Federal Rule of Evidence 201(b) provides that 'judicial notice' may only be taken where the "fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Defendants contend that while the judgment of dismissal is known, the underlying reasons for the dismissal are not capable of an accurate and ready determination, and may be reasonably questioned.

3. On November 10, 2014, the Circuit Court of Tunica County entered a Judgment in the matter of <u>Michael Thompson v. The State of Mississippi</u>, which was the appeal from the Justice Court the Tunica County. After considering the testimony, the evidence presented and case law from attorneys, the Court dismissed the charges of driving on a suspended license. The Judgment itself does not refer to, or grant, any specific Motion, and does not refer to any finding of entrapment. There are no specific findings of fact by the Circuit Court in the written order.

4. In reviewing the transcript from the Circuit Court, in its oral announcement of its ruling at page 191 of the transcript the Court states, "This matter is on appeal by Michael Thompson, driving with suspended license. The Court has considered the testimony and the facts surrounding the charges. After considering the testimony of the witness, the evidence presented and the case law cited by the attorneys, the Court finds that the charge of driving with a suspended license is dismissed. In other words, the Court finds in favor of Mr. Thompson." There is nothing in the Court's oral announcement to indicate a particular basis upon which the dismissal was granted.

5. Should this Court decide to look, beyond the statements of the Circuit Court, and examine to the whole of the Criminal Court transcript, it cannot reasonably be certain which basis considered, and provided the Court's reasoning for its Judgment.

6. At page 158 of the transcript the State rested, and then the attorney for Mr. Thompson moved for a directed verdict. Counsel for Mr. Thompson claimed entrapment, by arguing such things as the failure of the State to demonstrate that Mr. Thompson was pre-disposed to drive with a suspended license. (Transcript at page 167). However, in response to the oral Motion For Directed Verdict, at page 168 and 169 of the transcript, the Circuit Court did not grant the directed verdict and instead proceeded to Mr. Thompson's case in chief.

7. Without putting on a witness, Mr. Thompson, rested his case in chief. Counsel for Mr. Thompson stated, "We will rest." (Transcript 169.) And, at no time prior to the courts final ruling did Mr. Thompson renew his motion for a directed verdict.

8. While he did not renew a motion for a directed verdict, Mr. Thompson, through counsel was provided an opportunity for closing argument. It is significant that counsel for Mr. Thompson did assert several different arguments, including:

   a. The witnesses lacked credibility. (Page 173).

   b. Thompson lacked of knowledge of his suspension, making perhaps a mens rae argument. (Page 174-175).

   c. The officers simply lacked probable cause, and this arrest was fruit of the poisonous tree. (Page 177).

   d. That the state failed in it's burden of proof on entrapment, by neglecting to include an element of pre-disposition. (Page 178).

   e. And, not insignificantly, Mr. Thompson argued that the State did not actually prove the essential element that Mr. Thompson's license was suspended. (Page 186).

9. Counsel for Mr. Thompson made many arguments in closing, any of which may have been the persuasive argument with the judge. One simply cannot read the transcript and know what the rationale of the Circuit Court was in ruling in this matter. The ruling of the Court cannot be said to exclude any of those particular basis as it does not specifically state a separate or individual basis. As such it is inappropriate to now hold that the Court specifically found the defense of entrapment was the reason for the dismissal. The only reasonable conclusion is that unknown reasons formed the Circuit Court's decision in dismissal of the criminal Complaint

3

against Mr. Thompson.

10. Further, to find that a decision of entrapment or lawfulness has been determined as a matter of law is an inappropriate shift in the burden of proof. Recalling the basic burden of proof in a criminal matter, the State must demonstrate 'beyond a reasonable doubt' each element of a crime. Whereas, in a civil case a party merely needs to show a 'preponderance of evidence'. To now hold that when the State was unable to prove its burden beyond a reasonable doubt, that same burden will hold in a civil case is inappropriate.

11. To be clear that the burden in the criminal case was on the state to disprove entrapment: "Once the defendant has made a prima facie case of entrapment the burden of proof shifts to the prosecution, and the defendant has the right to have the issue of entrapment submitted to the jury on proper instructions." ***Robert v. State***, 756 So. 2d 806; citing ***Gamble v. State***, 543 So. 2d 184, 185 (Miss. 1989); ***Ervin v. State***, 431 So. 2d 130, 133-34 (Miss. 1983). The State continues at all times to have the burden of proving the guilt of the accused beyond a reasonable doubt, including challenges to defense of entrapment. (***Porter v. State***, 1998 Miss. App. LEXIS 603). The point being, that while the State may not have proven it's case, it cannot be said that there was a finding that the State entrapped the Thompson, merely that it did not meet its burden.

12. Additionally, whether an arrest is lawful or not lawful is not dependent on a finding of guilt or innocence in a criminal matter. The lawfulness standard is met at a much lower level and that is merely the probable cause standard. To consider that a fact is established at the Circuit Court where the State has not reached its burden does not necessarily mean that that fact is true or false.

13. Also, the Circuit Court heard and considered reference to criminal cases during

4

the arguments of Thompson's counsel, citing ***Beal v. State*** 86 So. 3rd 887 wherein the criminal defendants made a purchase from police who later bought the contraband back and defendant was not arrested until later. In the entrapment defense, the Supreme Court determined the criminal defendant failed in her burden and found that the jury's disregard of entrapment was reasonable. One cannot reasonably say that the Circuit Court was relying on Mr. Thompson's reference to the ***Beal*** decision, as it is not dispositive. Thompson, through counsel, offered the additional case of ***Pittman v. State*** 987 So. 2nd 1010. In ***Pittman***, the Defendant raised several issues including the entrapment claim. The jury found that the criminal Defendant in that case failed to establish her entrapment by finding that she was pre-disposed to commit crimes. The Appeals Court found that entrapment occurs "when an innocent person with no prior criminal inclination is induced through ***persistent*** entries by undercover law enforcement agents to commit an offense" (citing *Elay v. State* 7577 So. 2nd 1053 and 1056 (Miss. Ct. App. 2000)). In ***Pittman*** the Court also held that once the Defendant produces evidence that he or she was induced by a government agent to commit a crime, and that she did not have a pre-disposition to commit a criminal act, the burden shifted to the prosecution to produce evidence of pre-disposition and that the Defendant is entitled to a jury instruction on entrapment (citing ***Walls v. State*** 672 So. 2nd 1227 (Miss. 1996)). Based on the case law discussed in the Circuit Court it can be inferred that the State simply failed in its burden. Or, based on this case law, it can be inferred that the decision of the Circuit Court had nothing to do with entrapment, because there is no evidence of a 'presistent' effort by the State.

    14.    Ultimately, regardless of whether this Court considers the decision of the Tunica County Circuit Court was based upon an entrapment defense is immaterial at this level given that the burden of proof would have shifted to the State to a higher standard.

5

15. Also, while a Court might take judicial notice of the fact of dismissal, the Court cannot take judicial notice of the reasons for that decision because this would be a highly inappropriate form of res judicata or collateral estoppel.

16. The doctrine of res judicata "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460, 467 (5th Cir. 2013). The Court need only look at the first element of parties to realize that while the State of Mississippi and Thompson were parties in the criminal action, neither Jones nor Hamp were. They were witnesses, and not parties, and significantly neither had an opportunity to appeal the ruling of the Circuit Court, which as individuals they would have had, had they been parties to the suit. To find that the State of Mississippi's failure in the Circuit Court translates to a finding against non-parties is without precedent, and cannot be said to be fundamentally fair.

17. The Plaintiff, in his First Motion in Limine, argues that the doctrine of collateral estoppel bars the defendant from attempting to re-litigate the lawfulness of the arrest. Ironically, the Plaintiffs own argument proves that Circuit Court decisions are wholly inapplicable in this action. "When issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a ***subsequent action between the parties***, whether on the same or a different claim.'" *Kariuki v. Tarango,* 709 F.3d 495, 506 (2013), quoting Restatement (Second) of Judgments § 27 (1982). In addition to the requirement of the same parties, according to *Kariuki*, four conditions must be met to establish collateral estoppel: (i) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (ii) The issue must have been fully and

vigorously litigated in the prior action; (iii) The issue must have been necessary to support the judgment in a prior case; and (iv) There must be no special circumstance that would render [estoppel] inappropriate or unfair. *Id.* In this case, these are not the same parties. The issues were not fully litigated as these defendants were never given any opportunity to appeal or have counsel argue on their behalf, as the only client for the prosecutor was the State. The issues, particularly entrapment, were not individually necessary to support the judgment in the Circuit Court, as that court may have formed it's opinion on any number arguments. And, most significantly, the question of fundamental fairness cannot be understated or overlooked, when the question posed seeks to bind the burdens of the State on witnesses in civil actions.

18. To take judicial notice of anything other than the fact that the Circuit Court dismissed the criminal case would effectively violate the Fifth and Fourteenth Amendment due process rights of these Defendants.

WHEREFORE, for the forgoing reasons, the Court should not take judicial notice of lawfulness of the arrest or entrapment defense. Certainly, guilt does not in of itself indicate an unlawful arrest. It simply means that Defendant has achieved his defense or the prosecution failed its higher burden of proof. Likewise, if proof in a criminal trial fails to reach beyond a reasonable doubt, the criminal defendant is going to win even if they did the crime. But this is a civil Court, and it would be inappropriate for this Court to find as a matter of law that the lawfulness of the arrest or the defense of the entrapment have been established in the Circuit Court proceedings. This is particularly true where the Defendants in this action are not the same parties to the criminal case.

7

RESPECTFULLY SUBMITTED, this the 21st day of April, 2017.

**CALVIN HAMP AND
JAMES JONES, DEFENDANTS**

By: /s/ Michael J. Wolf
     Michael J. Wolf

OF COUNSEL:

MICHAEL J. WOLF – MSB # 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants, do hereby certify that I have this day filed and caused to be sent to all counsel of record, a true and correct copy of the foregoing document via the ECF system.

This the 21st day of April, 2017.

/s/ Michael J. Wolf
Michael J. Wolf

8