4/1/80

CIVIL

COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

Now that you have he. d all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

2

Our system of law does not permit jurors to be governed
by prejudice or sympathy or public opinion.

Both the parties and the public expect that you will
carefully and impartially consider all of the evidence in
the case, follow the law as stated by the court, and reach
a just verdict regardless of the consequences.

This case should be considered and decided by you as
an action between persons of equal standing in the community,
and holding the same or similar stations in life.

The law is no respecter of persons, and all persons
stand equal before the law and are to be dealt with as equals
in a court of justice.

NO CORPORATE PARTY INVOLVED

This case should be considered and decided by you as
an action between persons of equal standing in the community,
and holding the same or similar stations in life.

A corporation is entitled to the same fair trial at
your hands as is a private individual.

The law is no respecter of persons, and all persons,
including corporations, stand equal before the law and are
to be dealt with as equals in a court of justice.

CORPORATE PARTY

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.

The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.

In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the

Now, I have said that you must consider all of the
evidence.

This does not mean, however, that you must accept all
of the evidence as true or accurate.

You are the sole judges of the credibility or
"believability" of each witness and the weight to be given
to this testimony.

In weighing the testimony of a witness you should
consider his relationship to the plaintiff or to the
defendant; his interest, if any, in the outcome of the
case; his manner of testifying; his opportunity to observe
or acquire knowledge concerning the facts about which he
testified; his candor, fairness and intelligence; and the
extent to which he has been supported or contradicted by
other credible evidence.

You may, in short, accept or reject the testimony
of any witness in whole or in part.

Also, the weight of the evidence is not necessarily
determined by the number of witnesses testifying as to the
existence or non-existence of any fact.

You may find that the testimony of a smaller number
of witnesses as to any fact is more credible than the
testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Your verdict must represent the considered judgment of each juror.

In order to return a verdict, it is necessary that each juror agree thereto.

In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.

But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of

Remember at all times you are not partisans.

You are judges -- judges of the facts.

Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court.

Forms of verdict have been prepared for your convenience.

[Explain verdicts]

You will take the verdict forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign the appropriate form, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention.

I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add a final caution.

Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.

What the verdict shall be is your exclusive duty and responsibility.

NOTE: This is NOT a part of Pattern Instruction

| | |
|---|---|
| SINGLE CLAIM OF ONE PLAINTIFF | The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." |
| MULTIPLE CLAIMS OR COUNTERCLAIMS | In a civil action such as this each party asserting a claim, as hereafter described, has the burden of proving every essential element of his claim by a "preponderance of the evidence." |

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

**MULTIPLE CLAIM OR COUNTERCLAIM**

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately, as you would had each claim been tried before you separately.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

**SINGLE CLAIM OF ONE PLAINTIFF**

If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

**MULTIPLE CLAIMS OR COUNTERCLAIM**

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof as to that claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                              PLAINTIFF

v.                                        CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"

JURY INSTRUCTION NO. _1_

A "stipulation" is an agreement. When there is no dispute about certain facts, the

attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as

evidence and treat that fact as having been proven here in court.

ο κ

*Pattern Jury Instruction 2.3, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                    PLAINTIFF

v.                                    CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"                                                 DEFENDANTS

## JURY INSTRUCTION NO. 2

In determining the weight to give to the testimony of a witness, consider whether
there was evidence that at some other time the witness said or did something, or failed to
say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the
truth as he or she remembers it. People may forget some things or remember other things
inaccurately. If a witness made a misstatement, consider whether that misstatement was
an intentional falsehood or simply an innocent mistake. The significance of that may
depend on whether it has to do with an important fact or with only an unimportant detail.



*Pattern Jury Instruction 2.11, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**MICHAEL THOMPSON**                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.3:14-CV-274-NBB-JAA**

**CALVIN HAMP, in his individual capacity,**
**JAMES JONES, in his individual capacity, and**
**UNKNOWN DEFENDANTS "A", "B" and**
**"C"**                                                              **DEFENDANTS**

## JURY INSTRUCTION NO. _3_

You are required to evaluate the testimony of a law-enforcement officer as you

would the testimony of any other witness. No special weight may be given to his or her

testimony because he or she is a law enforcement officer.

_o k_

*Pattern Jury Instruction 2.15, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                          PLAINTIFF

v.                                    CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"                                                      DEFENDANTS

## JURY INSTRUCTION NO. 5

The evidence you are to consider consists of the testimony of the witnesses, the

documents and other exhibits admitted into evidence, and any fair inferences and

reasonable conclusions you can draw from the facts and circumstances that have been

proven.

Generally speaking, there are two types of evidence. One is direct evidence, such

as testimony of an eyewitness. The other is indirect or circumstantial evidence.

Circumstantial evidence is evidence that proves a fact from which you can logically

conclude another fact exists. As a general rule, the law makes no distinction between

direct and circumstantial evidence, but simply requires that you and the facts from a

preponderance of all the evidence, both direct and circumstantial

*Pattern Jury Instruction 3.3, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-5

∂K

## PROPOSED JURY INSTRUCTION D-2

~~As to James Jones~~ Each defendant is entitled to be considered individually, without respect to liability of the other

Plaintiff Thompson claims Defendant ~~Jones~~ violated the Fourth Amendment right to

be protected from an unreasonable seizure. Plaintiff Thompson claims that the way Defendant ~~Jones~~ s

arrested him on February 12, 2014 violated his constitutional rights. To establish this claim,

Plaintiff must show that the arrest was unreasonable, by each individual.

A warrantless arrest, such as the one involved in this case, is considered unreasonable under

the Fourth Amendment when, at the moment of the arrest, there is no probable cause for the

defendant to reasonably believe that a crime has been or is being committed. Probable cause does

not require proof beyond a reason able doubt, but only a showing of a fair probability of criminal

activity. It must be more than bare suspicion, but need not reach the 50% mark.

The reasonableness of an arrest must be judged based on what a reasonable officer would do

under the circumstances, and does not consider Defendant ~~Jones~~ state of mind. The question is

whether a reasonable officer would believe that a crime was, or was being, committed based on the

facts available to that officer at the time of the arrest.

If you find that Plaintiff has proved by a preponderance of the evidence that Defendant ~~Jones~~ s

lacked probable cause to make the arrest on February 12 , 2014, then Defendant ~~Jones~~ violated

Plaintiff Thompson's constitutional right to be free from unreasonable arrest or "seizure" and you

must then consider whether Defendant ~~Jones~~ are entitled to qualified immunity, which is a bar to

liability that I will explain later.

If Plaintiff failed to make this showing, then the arrest was constitutional, and your verdict

will be for Defendant ~~Jones~~ on the unreasonable arrest claim.

4



## PROPOSED JURY INSTRUCTION D-3

Each individual defendant is entitled to have the defense of Qualified Immunity considered independently of any other defendant.

As to any claim for which Plaintiff Thompson has proved each essential element against Defendant Jones, you must consider whether Defendant James Jones is entitled to what the law calls "qualified immunity."

Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law.

It is Plaintiff Thompson's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case. Qualified immunity applies if a reasonable officer could have believed that the arrest, was lawful in light of clearly established law and the information Defendant Jones possessed. But Defendant Jones is not entitled to qualified immunity if, at the time of the arrest, a reasonable officer with the same information could not have believed that his actions were lawful.

Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was the right to be free from an unlawful arrest. However, no violation of the right to be free from unlawful arrest has occurred when it is supported by probable cause. There also can be no violation of the right to be free from an unreasonable stop and search when supported by a reasonable suspicion that a crime has been or is

being committed.

If, after considering the scope of discretion and responsibility generally given to an officer in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant James Jones at the time of the arrest, you find and that Plaintiff Thompson failed to prove that no reasonable officer could have believed that the arrest was lawful, then Defendant James Jones is entitled to qualified immunity, and your verdict must be for Defendant James Jones on those claims. But if you find that Defendant James Jones violated Plaintiff's constitutional rights and that Defendant is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff on that claim.

After having considered qualified immunity and defendant Jones, as to any claim for which Plaintiff Thompson has proved each essential element against Defendant Hamp, you must consider whether Defendant Hamp is entitled to what the law calls "qualified immunity."

Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law.

It is Plaintiff Thompson's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case. Qualified immunity applies if a reasonable officer could have believed that the arrest, was lawful in light of clearly established law and the information Defendant Hamp possessed. But Defendant Hamp is not entitled to qualified immunity if, at the time of the arrest, a reasonable officer with the same information could not have believed that his actions were lawful.

Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time has not been identified by the Plaintiff Thompson as it relates to Hamp.

If, after considering the scope of discretion and responsibility generally given to an officer in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Hamp at the time of the arrest, you find and that Plaintiff Thompson failed to prove that no reasonable officer could have believed that the arrest was lawful, then Defendant Hamp is entitled to qualified immunity, and your verdict must be for Defendant Hamp on those claims. But if you find that Defendant Hamp violated Plaintiff's constitutional rights and that Defendant is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff on that claim.

Fifth Circuit Model Jury Instruction 10.3 – Qualified Immunity

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                   **PLAINTIFF**

v.                                    CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"                                               **DEFENDANTS**

## JURY INSTRUCTION NO. 11

You may award damages for any ~~bodily~~ injury that Plaintiff Thompson sustained
and any pain and suffering, ~~disability~~, ~~disfigurement~~, mental anguish, ~~and/or loss of
capacity~~ for enjoyment of life that Plaintiff Thompson experienced in the past or will
experience in the future as a result of the bodily injury. No evidence of the value of
intangible things, such as mental or physical pain and suffering, has been or need be
introduced. You are not trying to determine value, but an amount that will fairly
compensate Plaintiff Thompson for the damages he suffered. There is no exact standard
for fixing the compensation to be awarded for these elements of damage.



*Pattern Jury Instruction 15.3, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                           PLAINTIFF

v.                                    CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"                                                       DEFENDANTS

JURY INSTRUCTION NO. 16

Entrapment occurs when ~~state~~ *law* authorities induce an individual to commit an offense he was not otherwise predisposed to commit. The very idea of entrapment suggests that the person would have never *knowingly* committed a crime had he not been persuaded or otherwise enticed.

Where the defendant claims entrapment, ~~we inquire~~ *he must prove* first whether the offense was induced by a government agent; and, second, whether the defendant was predisposed to commit the type of offense charged. ~~A defendant is considered predisposed if he is "ready and willing to commit the crimes such as are charged in the indictment, whenever opportunity was afforded".~~

OK

*Barnes v. State,* 493 So.2d 313, 315 (Miss.1986).

P-16

## PROPOSED JURY INSTRUCTION D-11

The plaintiffs cannot recover for simple negligence. If you consider that the defendants were negligent, but that such negligence did not rise to a constitutional violation, then you must find in favor of the defendants and against the plaintiffs.



Coon v. Ledbetter, 780 F.2d 1158 (1986)

evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Pattern Jury Instruction 3.4, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**MICHAEL THOMPSON**                                          **PLAINTIFF**

v.                                          **CIVIL ACTION NO.3:14-CV-274-NBB-JAA**

**CALVIN HAMP, in his individual capacity,**
**JAMES JONES, in his individual capacity, and**
**UNKNOWN DEFENDANTS "A", "B" and**
**"C"**                                          **DEFENDANTS**

## JURY INSTRUCTION NO. 7

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

*Pattern Jury Instruction 2.3, Civil Cases, U.S. Fifth Circuit,* 1983 Edition

P-7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL THOMPSON                                                    PLAINTIFF

v.                                             CIVIL ACTION NO.3:14-CV-274-NBB-JAA

CALVIN HAMP, in his individual capacity,
JAMES JONES, in his individual capacity, and
UNKNOWN DEFENDANTS "A", "B" and
"C"                                                                DEFENDANTS

## JURY INSTRUCTION NO. __6__

You alone are to determine the questions of credibility or truthfulness of the

witnesses. In weighing the testimony of the witnesses, you may consider the witness's

manner and demeanor on the witness stand, any feelings or interest in the case, or any

prejudice or bias about the case, that he or she may have, and the consistency or

inconsistency of his or her testimony considered in the light of the circumstances. Has the

witness been contradicted by other credible evidence? Has he or she made statements at

other times and places contrary to those made here on the witness stand? You must give

the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its

outcome, the testimony may be accepted if it is not contradicted by direct evidence or by

any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have

testified on the opposing sides. Witness testimony is weighed; witnesses are not counted.

The test is not the relative number of wit- nesses, but the relative convincing force of the